T. W. WELSH *v.* ALABAMA & VICKSBURG RAILWAY CO.

1. RAILROADS. *Injury to employe. Unsafe appliance. Const. 1890, § 193.*

Section 193, constitution 1890, which provides that "knowledge by any employe injured of the defective or unsafe character or condition of any machinery, ways or appliance, shall be no defense to an action for injury caused thereby, except," etc., abolishes the defense of contributory negligence in such actions, unless the negligence of such employe be wilful or reckless.

2. SAME. *Wilful negligence of employe. Question of fact.*

Where, in such case, the employe testified that he had seen that the appliance causing the injury was defective, but had reported it and believed, or had reason to believe, it had been remedied, it was for the jury to say whether he was wilfully or recklessly negligent in his use of it.

3. CLAIM FOR DAMAGES. *Compromise. Fraudulent representations.*

Where a railroad company sued by an employe for damages for personal injuries, pleads a release executed by plaintiff, he may avoid the same by showing that it was signed under the belief, induced by the fraudulent representations of the defendant's agents, that it was merely a receipt for wages.

FROM the circuit court of Warren county.

HON. J. D. GILLAND, Judge.

Appellant, Welsh, was a switchman in the employ of appellee, the Alabama & Vicksburg Railway Co., his duty being to ride upon the switch-engine, and open and close switches and couple cars. His usual station was on the " foot-board" of the engine. This appliance, which occupies on switch-engines the position occupied on ordinary engines by the pilot, is a level board or platform, a step above the ground, firmly attached to the front of the engine, and intended mainly for the use of the switchman. Welsh was injured by falling from the foot-board, while engaged in the performance of his duties, and brings this action to recover damages, claiming that his fall was caused by the insecure fastening of the foot-board, which caused it to give way when he stepped upon it.

In addition to the general issue, the defendant pleaded that it had fully satisfied plaintiff's demand, and, in support of the plea, introduced in evidence a release signed by plaintiff, reciting that, in consideration of $15 paid to him by the railway company, he released it from all liability to him because of such injury. Plaintiff, however, replied, denying that he ever executed such acquittance, or that he did so knowing its purport, and alleged that, if executed by him, his signature was obtained by the fraud of defendant's officers in leading him to believe he was signing a "time-check" for money due to him as wages. Plaintiff, as to this, testified that he lost fifteen days from his work, and that the sum paid was supposed by him to be his half-pay during that time; and that he did not sign any release, but merely wrote his name across a check presented to him by a superior officer of the company, and which was represented to him as being a " discharge check for fifteen days, at one dollar a day." He further testified that he did not read the paper signed by him, but took it immediately to the ticket-office and had it cashed. He denied that the signature to the release was genuine, and denied that he had ever seen that paper.

The officials of the company, on the other hand, testified

that the release was signed by plaintiff, and that he was fully aware of its purport, and that no unfair means were used to obtain it.

On the trial the court gave the following instructions for the plaintiff:

1. "If the jury find for the plaintiff, the measure of damages is not only the pain and suffering, loss and injury, if any, already sustained, but also the disability, injury and suffering, if any, which will thereby be occasioned in the future."

2. "It was the duty of the defendant company to provide engines with suitable and safe appliances thereto, so that its workmen or switchmen, in the performance of their duty to the company, could safely get upon, or stand upon, the footboard while engaged about their work in the exercise of due caution, and if the jury believe from the evidence that the plaintiff, while at work for said company as a switchman, was injured through the neglect of the company to furnish such safe and suitable appliances to its engine which plaintiff could safely get upon or stand on while pursuing the ordinary course of his duty with due care, and without any fault of his, then the jury will find for the plaintiff, unless the jury believe that plaintiff has already compromised or settled with defendant for such injury."

3. "If the jury believe from the evidence that plaintiff was induced to sign a release of his claim for damages by representations of defendant's agents that he was merely signing a receipt for fifteen days' half-pay for the time he was sick, or if he signed it under such a belief induced by defendant's officers and agents, or if they believe that he did not sign it at all, then it would not operate as a bar to this action."

It is not necessary, in view of the opinion, to set out in full the defendant's instructions. Touching the matter of the release, they declared that, if signed by plaintiff, it would bind him, if there was no fraud used to induce its execution; that, unless he was fraudulently imposed upon, he

could not avoid the effect of the release, even though he did not read it, and supposed it was a receipt for wages.

There was a verdict and judgment for plaintiff for $500, but, on motion of defendant, this verdict and judgment were set aside, and a new trial awarded, to which action of the court the plaintiff excepted.

On the second trial the evidence was the same as on the former trial, the stenographic notes of the testimony having been read by consent, and the court gave a peremptory instruction for defendant, refusing all the instructions asked by the plaintiff. There was judgment accordingly. Motion for new trial overruled. Plaintiff appeals.

The opinion contains a further statement of the case.

*Gibson, Henry & Bien*, for appellant.

To the contention that, the injuries having resulted from the negligence of a fellow-servant the defendant is not liable, we cite constitution 1890, § 193. The engineer, in the discharge of his duty to keep the engine in repair, is not a fellow-servant of the switchman. But, if he were, it is still the duty of the company to furnish safe appliances. See 4 Metc., 49; 7 Pac. Rep., 795; 67 N. Y., 593; 49 *Ib.*, 521; 26 Neb., 271; 24 Fed. Rep., 124; 55 Tex., 110; 110 Mass., 241. The duty to keep the machinery in safe condition is equally imperative. 62 Tex., 267.

*Shelton & Brunini*, for appellee.

The engineer and switchman were engaged in the same department of labor. Constitution 1890, § 193, therefore, has no application. But if it be true that those whose duty it is to furnish safe appliances are vice-principals, yet that doctrine cannot apply here.

It is the negligence that causes the injury that must be looked to. Hence, if there was negligence in the mechanical department, it was entirely neutralized by the plaintiff's discovery of the condition of the machinery. He admits that

he had seen the unsafe condition of the foot-board, and relied merely on the promise of the engineer to fix it. The failure of the engineer to do so, was a failure connected with the operative, not mechanical, department of the railroad, and his negligence was the negligence of a fellow-servant. 2 Thompson on Neg., 1089.

*Nugent & McWillie,* on the same side.

The loosening of the foot-board was the result of the movement of the engine, and could be remedied by the engineer in a moment. There was no defective appliance. The duty to keep the foot-board firm was part of the engineer's duty in operating the train. Section 193, constitution 1890, therefore has no application.

The plaintiff negligently stepped on a slanting foot-board, which he knew to be unsafe. He cannot recover. 2 Am. & Eng. R. R. Cas., 162; 28 *Ib.*, 308, 497.

We submit that the evidence to show that the release was fraudulently obtained wholly failed.

Argued orally by *W. L. Nugent,* for appellee.

WOODS, J., delivered the opinion of the court.

In considering the action of the court below on the second trial, in giving the peremptory instruction for the appellee, we exclude all reference to the controverted fact of a settlement by the railway company for the injuries complained of, and a release by the appellant. That question was not involved in the action of the court.

The peremptory instruction rests upon the assumption that the appellant's case, as made by all the evidence, including his own, failed to make any issue of fact upon which a jury could be properly called to pass. Undoubtedly the learned court held that the injury complained of was the result of appellant's contributory negligence in using the defective appliance, the unsafe foot-board, after notice of its condition on his part.

Formerly this view would have correctly governed. But section 193 of the present constitution practically destroys this defense in cases where no wilful or reckless negligence can be predicated of the conduct of the injured and complaining employe. "Knowledge by any employe injured of the defective or unsafe character or condition of any machinery, ways or appliances, shall be no defense to an action for injury caused thereby, except as to conductors or engineers in charge of dangerous or unsafe cars or engines voluntarily operated by them." The change is radical, sweeping, unambiguous, and we must enforce it as written.

The appellant was a switchman. According to his evidence, he had seen that the foot-board was unsafe, but he believed, or had reason to believe, that, when he used it, the defect had been remedied. He was not wilful or reckless in his use of it, judged by his own evidence, and the issue of fact should have been submitted to a jury. The judgment must therefore be reversed.

This brings next to our consideration the exception of the appellant to the court's action in setting aside the first verdict rendered for appellant, and in awarding a second trial.

The instructions given for the appellant are singularly clear and brief, and they are unobjectionable, at any rate from appellee's stand-point.

In view of what has already been said by us touching the court's action in granting the peremptory instruction for appellee, it is clear to us that no harm was done the railway company by the court in failing to give all the instructions asked. The case was fairly submitted to the jury, and the issues of fact found against the appellee, and that finding is not unsupported by evidence. It follows that the action of the court in setting aside the first judgment, was erroneous, and the same must be re-established here.

*Reversed, and judgment in this court.*