E. A. BUCKNER *v.* RICHMOND & DANVILLE RAILROAD CO. ET AL.

1. RAILROADS. *Injury to employe. Defective machinery. Declaration. Averment of negligence.*

In an action against a railroad company by a section foreman, to recover for personal injuries sustained in operating a hand-car, the declaration is not demurrable on the ground of not showing negligence, when it avers that the hand-car furnished him was defective in having a broken wheel and a lever that made its operation dangerous to those on it, and that these defects were the direct and immediate cause of the injury.

2. SAME. *Defective machinery. Injury to employe. Contributory negligence.*

Section 193, constitution 1890, which provides that knowledge by employes of the defective or dangerous condition of machinery or appliances shall not be a defense to a railroad company in an action for injuries thereby caused, does not destroy the defense of contributory negligence. It merely abrogates the previous rule that such knowledge was, of itself, a bar. Employes are not absolved from the duty, binding on all, to use ordinary care to avoid injury, and such knowledge, though no longer of itself a defense, is yet material in determining whether, with such knowledge, the employe exercised due care. *Welsh* v. *Railway Co.,* 70 Miss., 20, explained.

3. MASTER AND SERVANT. *Lessee of railroad. Injury to employe. Lessor not liable.*

The servant of the lessee of a railroad cannot recover of the lessor for injury sustained in the use of defective machinery, although it be shown that it was leased in that condition. He must look for redress to his master, the lessee.

FROM the circuit court of Clay county.

HON. C. H. CAMPBELL, Judge.

Action by E. A. Buckner, section foreman, to recover for personal injuries sustained while operating a hand-car on the Georgia Pacific Railway, which, at the time of the accident, June 12, 1892, was under the management of the Richmond & Danville Railroad Company, as lessee.    Both companies are made defendants, and the declaration alleges that the railroad was being operated by both, by one as the owner and by the other as lessee.    It was, however, conceded in the lower court, and in this court, that, in fact, only the lessee was operating the road, and that the only connection the Georgia Pacific Railway Company had with it was as owner; that it had turned over to the Richmond & Danville Railroad Company, the lessee, its railroad and all its rolling stock and machinery, including the defective hand-car which, it is claimed, was the cause of the injury to plaintiff.    The declaration avers that plaintiff was employed as section foreman, and was working under the orders of one Nelson, the road supervisor, who gave him the hand-car, which was defective in that the ''wheels were run by means of a lever, which, at each end, projected to within about sixteen inches of the front and rear of said car, making it exceedingly dangerous to ride on said car, as there was danger of the ends of the lever striking persons on the car and knocking them off, which said company knew; and there was further defect in said machinery of the car, in that one of the front wheels was broken, so that it could not be safely run on the track, but was likely to jump off and injure persons on it, and for that reason said car had to be reversed and run backward, which put the brake in the front and under the passengers on it, so that the brake could not be reached without great difficulty and delay in case of accident.''    The declaration further alleges that while the hand-car was in motion, Nelson ordered plaintiff to stop the car, and plaintiff, in obeying said order, ''signaled the hands to stop, and the lever struck his arm and knocked him off,'' etc.    To this declaration, defendants demurred, on the ground that it showed no negligence on the part

of defendants, and because it showed, contributory negligence
on the part of plaintiff.   The Georgia Pacific Railway Com-
pany also demurred, on the ground that the declaration shows
no liability on its part.   The court sustained the demurrer,
and plaintiff declined to amend.   There was judgment final for
defendants, and plaintiff appeals.

Counsel on both sides unite in the request that the court de-
cide, so far as the Georgia Pacific Railway Company is con-
cerned, the following questions: (1) Whether that company is
liable on the ground that it furnished to the lessee company
the defective hand-car which injured plaintiff; (2) whether the
act of incorporation of the Georgia Pacific Railway Company,
which provides that it might lease its railroad to another, is a
public act of which the court will take judicial notice, and (3)
whether the lessor company, by reason of the lease, is absolved
from liability for accidents caused by defective machinery,
where the statute authorizes the lease, but does not, in terms,
exempt it from such liability.   It is admitted that the Georgia
Pacific Railway Company made the lease to the Richmond &
Danville Railway Company under authority of the act of
1882 (Laws, p. 37).

*Critz & Beckett,* for appellant.

It is generally held that where defective track or machinery,
which caused the accident, is furnished by the lessor, it remains
liable, notwithstanding the lease.   1 Redf. on Railways, 589,
and cases cited; 32 Am. & Eng. R. R. Cas., 408; 39 *Ib.*, 334;
52 *Ib.*, 56–62.

The better authority is that, even where the lease is executed
under authority of the statute, unless exemption from liability
is expressly given, the lessor remains liable for injuries caused
by defective machinery.   19 Am. & Eng. Enc. L., 899;  28
S. C., 401; 33 *Ib.*, 427; 80 Me., 62; 17 Wall., 450; 1 Redf.
on Railways, 588.

Under § 1054, code 1880, railroads are liable for all damages

sustained because of mismanagement of their agents or clerks, or for the mismanagement of their engines, etc.   Under similar statutes, it is held that the lessee is the agent of the lessor.   28 Vt., 103; 28 S. C., 401; 36 Am. & Eng. R. R. Cas., 445; 8 Allen, 438.

This ought to be the rule in our state, because our statute provides that no mortgage on the income or rolling stock of railroads shall be valid against claims for damages to persons or property to a certain amount.   Code 1880, § 1033.   A lease is a species of incumbrance.   The Georgia Pacific Railway Company has great advantages from the state, and it should not be able to shirk its responsibility without express authority.

The declaration shows negligence on the part of defendants. It is useless to argue this assignment of error in detail, since the declaration states that the defects in the machinery of the hand-car were the immediate and direct cause of plaintiff's injuries, and that said defects were well known to the defendants. If a railroad company requires its employes to use crippled cars in its business, it is liable for accidents caused thereby.   *Railroad Co.* v. *Bowles*, 71 Miss., 1003.   And so, when it requires them to use defective wheels, contributory negligence is no defense.   *Welsh* v. *Railroad Co.*, 70 Miss., 20; 80 Tex., 97; 78 Mich., 513; 53 Am. & Eng. R. R. Cas., 135; 48 *Ib.*, 331.

Under our constitution, knowledge of the danger is no defense.   Const. 1890, § 193.

*A. F. Fox*, for appellees.

Ordinarily, a lease of a railroad without legislative authority, is void.   But when the sovereign power confers the right on a railroad company to lease all of its railroad and rolling stock, and to surrender control and management thereof, its responsibility terminates, and thereafter devolves on those having the right to control and direct the services of the employes.   If this were a case involving negligence of the lessor in the original construction of the roadbed or of depots, there would be

some reason for holding the lessor liable. But the lessor is under no liability to the servant of the lessee, with whom it has no privity. The case does not involve any duty to the public. The public has no concern with the relations of master and servant. It involves purely personal and private obligations. The doctrine of *respondeat superior* does not apply as to the lessor, because the relation of master and servant did not exist. This view is supported by the great weight of authority. 67 Tex., 593; 67 N. Y., 425; 38 Am. & Eng. R. R. Cas., 225; 63 Me., 68; 28 Kas., 622; Pearce on Railroads, 622; 3 Woods' Railway L., 1687; Patterson Ry. Ac. L., 132.

The declaration shows no causal connection between the defects and the injury. It is apparent that plaintiff would never have been injured if he had used proper caution in giving the signal to stop. He knew of the defects in the car, and was willing to operate it notwithstanding the danger. He assumed all risk incident thereto, and so was bound to exercise care commensurate with the danger. Beach, Con. Neg., 363; 3 Wood Ry. L., 1492; 5 Am. & Eng. R. Cas., 355; 14 Am. & Eng. Enc. L., 909.

The case is not affected by § 193, constitution 1890. This merely abrogates the old rule that the use of machinery by an employe, with knowledge of its defects, was negligence *per se.* The employe is still responsible for his own contributory negligence. *Welsh* v. *Railway Co.*, 70 Miss., 20. See, also, *Railway Co.* v. *Allen*, 99 Ala., 359.

CAMPBELL, Special J., delivered the opinion of the court.

The averment of the declaration that the hand-car furnished him by his employer was defective in having a lever that made its operation dangerous to persons on it, and a broken wheel which led to serious consequences, and that these defects were the direct and immediate cause of the injury to the plaintiff, of which he complains, makes it sufficient to withstand a demurrer, although the declaration does not negative contributory

negligence by the plaintiff, the rule in this state being that this defense is to be made by the defendant, unless it arises out of the case made by the plaintiff.

The declaration shows that the plaintiff had knowledge of the defects in the hand-car, but the constitution of 1890 declares that knowledge by an employe of the defective or unsafe character or condition of any machinery shall be no defense, etc., § 193. The effect of this is not to destroy the defense of contributory negligence by a railroad company, but merely to abrogate the previously existing rule that knowledge by an employe of the defective or unsafe character or condition of the machinery, ways or appliances, shall not, of itself, bar a recovery. The law was that knowledge by an employe of defective appliances which he voluntarily used, precluded his recovery for an injury thus received. The constitution destroys that rule, and the mere fact that the employe knew of the defect, is not a bar to recovery; but knowledge by an employe of defects is still an element or factor, and a very important one, in determining whether, with the knowledge he had, he used that degree of caution required in his situation with reference to the appliances causing his injury. The constitution did not have the effect to free employes of railroad companies from the exercise of ordinary caution and prudence. It does not license recklessness or carelessness by them, and give them a claim to compensation for injuries thus suffered. They, like others not employes, must not be guilty of contributory negligence, if they would secure a right of action for injuries. The fact of knowledge of defects shall not be, as heretofore, a defense, but the same rule that applies to others applies to them. They must use the degree of caution applicable to the situation, for the absence of this is negligence, and, if it contributed to the injury, no recovery can be had by an employe any more than by one not an employe. It was not the purpose of the makers of the constitution to place employes on a more favorable footing as to this than others, but simply to free them from

the bar before held to arise from the fact of knowledge of defective conditions. It is not a defense, but it is a fact or circumstance for consideration among others in order to determine the presence or absence of contributory negligence, which is yet a defense, as it was before, but is not to be made out against an employe by the mere fact of his knowledge. The case of *Welsh* v. *Railway Co.*, 70 Miss., 20, is not inconsistent with this view, as a careful reading of the opinion will show. That case shows that the circuit court had instructed peremptorily for the defendant because the plaintiff had used a defective appliance after he had notice of its condition. He testified that, although he had known of it, he had reason to believe, and did believe, that the defect had been remedied. It was in reference to the defense of contributory negligence consisting in mere knowledge of defects that the language of the opinion was employed, and correctly, but it was not intended to announce that employes are freed by the constitution from the obligations of common prudence and caution to avoid injury applicable to all alike. The opinion should be read with reference to the case being dealt with, and it will be found correct as applied to it, but there is danger that the court may be supposed to have held what it did not intend to decide, and, because of this, and that the matter is presented in the case now before us, we have given expression to the foregoing views.

The declaration shows a cause of action against the Richmond & Danville Railroad Company, and, as to it, the demurrer should have been overruled. The plaintiff was its servant, and the question presented by the demurrer of the Georgia Pacific Company is, whether the servant of its lessee has a right of action against it for injuries he received from the use of defective or unsafe machinery it had leased. The courts are divided on the question as to the effect of a lease by a railroad company on the right of persons suffering wrong by the lessee to recover of the lessor. All, perhaps, agree that an unauthorized lease leaves

liability as though a lease had not been made.    Where there is
legal authority for the lease, and express immunity granted to
the lessor by the act permitting the lease, there is no liability
of the lessor; but where a lease is authorized, and no provis-
ion for exemption is contained in the authorization, some courts
hold that the lessor continues liable, as before, and some deny
continued liability on the part of the lessor.    The question of
the lessor's liability has been made to depend on circumstances
as to the condition of the road and appliances leased, when
leased, the terms of the lease, etc.    There is great diversity of
view.    We are not called on by this case to take position amid
the conflicting opinions.    The precise question here presented is
as to the right of a servant of the lessee to recover of the lessor
for a cause of action he has against the lessee, his employer,
for an injury received by the use of defective machinery leased.
Pretermitting any expression of opinion not called for by this
case, we have no hesitation to say that the servant of the lessee
must recover, if at all, from his master and not another.    "To
his own master he standeth or falleth."    To him he is answer-
able, and to him he must look for redress for all injuries sus-
tained in his service.    Whatever be the rights of strangers to
the relation of master and servant to look to the lessor in any
case for wrongs of the lessee, there is no principle or policy to
sustain the claim of an employe to look elsewhere than to his
employer.    And so it has been ruled in the only cases we know
of in which the precise question has been presented.    *Virginia
Railway Co.* v. *Washington*, 86 Va., 629 (43 Am. & Eng. R.
R. Cas., 688); *Railroad* v. *Culberson*, 72 Tex., 375 (38 Am.
& Eng. R. R. Cas., 225).

As we hold the lessor not answerable to the plaintiff in this
action, it is unnecessary to notice any other question.    The
judgment is correct so far as relates to the Georgia Pacific Rail-
way Company, but the demurrer of the Richmond & Danville
Company should be overruled.

*Reversed and remanded, to be proceeded with in accordance
with this opinion.*

JUDGE WOODS being disqualified by reason of sickness, J. A. P. CAMPBELL, Esq., a member of the bar, was commissioned special judge, and sat in his stead.