YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* WILLIAM B. PARKER.

[40 South. Rep., 746.]

CONSTITUTIONAL LAW. *Constitution* 1890, *sec. 193. Railroads. Injury to servant. Defective machinery. Contributory negligence. Fellow servant.*

Under Constitution 1890, sec. 193, modifying the common law fellow servant rule as to the employes of railroad corporations and providing that knowledge of the defective condition of appliances shall not be a defense in an action by such employes other than conductors and engineers in certain instances for injuries suffered because of such defects:

(a) A section foreman in charge of a defective handcar is not a conductor; but

(b) If he be guilty of reckless negligence in the use of the car he cannot recover for an injury caused thereby.

FROM the circuit court of Madison county.

HON. DAVID M. MILLER, Judge.

Parker, the appellee, was plaintiff in the court below; the railroad company, the appellant, was defendant there. From

a judgment in plaintiff's favor defendant appealed to the supreme court.

The declaration charged that the plaintiff, Parker, was a section foreman on the appellant's line of railroad, and used each day, in the course of his business, a hand car on which he and his crew of workmen rode over the section of defendant's track on which they worked; that the car which was furnished to plaintiff by defendant was defective, and that plaintiff, upon learning of the defect, advised the servants of the railroad company, superior to him, of such defects, but that a new car was not furnished, nor was the car which he used in the routine work repaired, but it continued to be defective, dangerous, and unsafe; that on the day of the accident, while plaintiff and his crew were riding on the hand car in the performance of the duties for which they were employed, it jumped the track; plaintiff was thrown in front of the car, and was struck by it and received the injuries for which he sued. To this declaration the defendant filed the general issue, and a special plea setting up that "at the time the plaintiff received the injury complained of he was in charge and full control of the defective car and the hands that operated it, and was voluntarily running the same on the line of the defendant's railroad as a conductor, well knowing the unsafe character of said car at the time." The court below sustained a motion of the plaintiff to strike out the special plea of the defendant on the ground that, "under the facts set up in the declaration and admitted by the pleading, said plaintiff was not such a conductor as is contemplated under the law." The defendant assigned as error the "striking out of the plea of the defendant that plaintiff, when injured, was acting as a conductor."

*Mayes & Longstreet,* for appellant.

Throughout the declaration the plaintiff emphasizes three facts: (1) That the car was in a condition so defective as to

make the same dangerous and hazardous to use; (2) that he ascertained this fact as soon as he began to use the car; (3) that he complained of its condition, and the fact that it was dangerous to use, to the supervisor of the district.

There is abundance of testimony throughout the record, by the defendant company, that a section foreman is in full authority over, with full power to control and direct the use and movements of his car, and of all the hands employed who may be riding thereon, and with respect to such car he discharges all the duties and authorities of a conductor.

Section 193 of the constitution was intended merely to change the rule that mere knowledge of the defect barred recovery. It did not intend, nor did it, in fact, provide for a certain recovery notwithstanding knowledge of defects and continued use of the machinery where the continued use was voluntary or willful or reckless, and subjected the person to obvious hazards. Nor did it intend to change the rule with respect to persons in authority. In the case of *Welsh* v. *Railroad Co.*, 70 Miss., 24 (s.o., 11 South. Rep., 723), our court has said that here knowledge of a defect "where no willful or reckless negligence can be predicated of the conduct of the injured and complaining employe," will not bar the right of action.

But in the case just cited, and in subsequent cases construing sec. 193, this court has said more than once that sec. 193 and its provisions did not in any wise authorize willful carelessness or negligence on the part of an employe.

Nor can the plaintiff relieve himself of the consequences of the voluntary use by claiming that he had ascertained the dangerous condition of the car, he had informed his superior of it, and that the obligation on the railroad company was to make further voluntary service on his part safe by immediately furnishing him with a car which was not hazardous.

The rule on this point is well stated in the recent case of *Griffith* v. *Lexington, etc., Railroad*, 53 S. E. Rep., 97.

The provisions of sec. 193, quoted above, in using the term "conductor" does not intend any particular kind of a conductor; nor was it intended by its use to refer to a particular class of persons only, according to their ordinary designation. It does not mean that it should apply only to people who are termed engineers or conductors; but it means that all people who perform the services which are performed by engineers; or who render the services rendered by the persons ordinarily known as conductors, shall be included within the spirit and letter of the statute. The words are intended to apply to duties, powers, and offices, rather than to be controlled by a mere nomenclature.

So, though a man might be called section foreman, or section boss, yet if, on the analysis of the facts, the court should determine that with respect to his men and car he exercised all the authority usually implied in the position of conductor of railroad cars, he would be held to be included in the term "conductor." The section evidently means to refer to the duty and authority, and not the mere matter of technical appellation.

*H. B. Greaves,* for appellee.

The issue was fairly presented to the jury, and defendant allowed the full benefit of contributory negligence, and got all the instructions to which it was entitled.

The constitution and laws of this state, when excepting conductors and engineers voluntarily operating defective cars, etc., from the benefit of the rule as to known defects in the machinery or appliances, did not intend to include section foremen, and did not consider a section foreman, using a hand car given him about the business for which it was furnished, as a conductor. The rule was never intended to include them.

And besides, it is not an open question; it has been decided in this state that section bosses or foremen in charge of hand cars are not conductors and within the meaning of this statute. *Buckner* v. *Railroad,* 72 Miss., 873 (s.c., 18 South. Rep., 449).

TRULY, J., delivered the opinion of the court.

It is perfectly manifest that the exception expressed in sec. 193 of the constitution, which, as to conductors and engineers in charge of dangerous or unsafe engines or cars voluntarily operated by them, still permits their knowledge of the dangerous or defective condition of such cars or engines to be interposed to prevent their recovery for injuries caused thereby, does not apply to other classes of employes.   Certainly not to a section. foreman, as was the appellee in the instant case.   *Buckner* v. *Railroad,* 72 Miss., 878 (18 South. Rep., 449).   The exception referred to is applicable solely to "conductors and engineers," as those terms are generally understood.   The reason of the exception was the hope of instilling into the minds of the specially excepted operatives a feeling of extra caution, by denying them the right of recovery which was expressly granted other employes who might operate other machinery with full knowledge of its dangerous and defective condition.   This provision of the constitution was based upon grounds of public policy and was designed for the protection of human life, so often solely dependent upon the care, caution, and skill of engineers and conductors. *Railroad* v. *Guess,* 74 Miss., 170 (21 South. Rep., 50).   The very terms of the constitutional provision that knowledge of such defective or dangerous condition should constitute no defense, except as to certain named classes, necessarily conveys the intention of the law not to permit such knowledge to defeat recovery by others.   We cannot assent to the contention that a section foreman in charge of a hand car is a conductor, within the meaning intended to be conveyed by the constitution.

The sole question remaining for consideration and determination is whether, under the facts, the appellee was guilty of such reckless negligence as should have prevented his recovery as a matter of law and authorized the court to sustain the motion of appellant to exclude the testimony in his behalf.   The defense predicated solely of the knowledge by the employe of the defect-

ive or dangerous condition of the machinery or other appliance used or operated by him was abolished by the constitution, with the exception already adverted to. The defense of contributory negligence to actions for injuries caused by such defective or dangerous appliances, ways or means, if not absolutely abolished by that instrument, was materially modified and abridged. As said by this court in *Welsh* v. *Railroad,* 70 Miss., 25 (11 South. Rep., 723) : "Sec. 193 of the present constitution practically destroys this defense [contributory negligence by using defective appliance after knowledge of unsafe condition] in cases where no willful or reckless negligence can be predicated of the conduct of the injured and complaining employe. "The change is radical, sweeping, unambiguous, and we must enforce it as written." It is true that subsequently, in the *Buckner case, supra,* it was held that the defense of contributory negligence in such cases was not absolutely destroyed; that such knowledge on the part of the injured employe might still be shown, not as a defense, but as a fact and circumstance to be considered by the jury in determining whether, under the proven circumstances attendant upon the injury as shown by the proof, the defense of contributory negligence had been established to their satisfaction. But the *Buckner case* is expressly stated as not being in conflict with the *Welsh case,* which is therein reviewed. So the established rule is: If, knowing the unsafe, defective, or dangerous condition, the complaining employe be proven guilty of reckless negligence in the use of the appliance at the time of the injury, he cannot recover. But under any view, and in all cases, the question of what constitutes contributory negligence is always, in case of conflict, a question of fact, which must be submitted to the decision of the jury. This was done in the instant case, and the issue of fact was decided in favor of the appellee; the jury deciding that his conduct was such as an ordinary prudent man should have used under the circumstances surrounding him. The instructions granted the appellee fairly sub-

mitted this matter to the jury. That for the appellant propounded the converse of the proposition correctly. The instructions refused were correctly denied. They conflicted with the views hereinbefore announced.

                                   *The judgment is affirmed.*

WHITFIELD, C. J., delivered the following specially concurring opinion:

I concur in the result reached, but not in all the reasoning of the opinion. I think the true doctrine as to the effect of sec. 193 of the constitution upon the defense of contributory negligence is very clearly set forth in *Buckner* v. *Railroad,* 72 Miss., 878 (18 South. Rep., 449), and I adhere to that statement as an exact one. I do not think the power of the court, in a proper case, to peremptorily charge for defendant on the ground of contributory negligence at all affected by said sec. 193.