YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY v. JOHN L. SCOTT.

[48 South. 239.]

1. RAILROADS. *Master and servant. Code* 1906, § 4056. *Improperly loaded cars. Contributory negligence.*

Under Code 1906, § 4056, providing that knowledge by a railroad employe, among other things, of the improper loading of a car shall not be a defense for an injury resulting to him therefrom, plaintiff's knowledge of the improper loading of the car, in the absence of all other evidence on the subject, does not warrant the submission to the jury of the question of his contributory negligence.

2. DAMAGES. *Personal injuries. Excessive verdict.*

Where by the actionable negligence of the defendant, plaintiff, a young man, had his leg broken in three places, making him a cripple for life, and suffered other grave injuries, permanent in character or remediable only by a serious surgical operation, a verdict for fourteen thousand dollars is not so excessive as to require the court's interference.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

Scott, appellee, was plaintiff in the court below; the railroad company, appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court. The facts are stated in the opinion of the court.

*C. N. Burch* and *Mayes & Longstreet,* for appellant.

Statutes of the character of Code 1906, § 4056, do not in themselves impose and fix a positive liability against which no defense to a demand based on that section could be interposed. Statutes similiar to this, and provisions imposing special statutory duties, even more positive and comprehensive, have been frequently construed by this honorable court and other courts of the land, and it has been held uniformly in this state that such statutes do not, however broad and emphatic the terms of the statute may be, cut off defenses of contributory negligence, lack of due care and caution, the fault or carelessness of the injured party, etc.

We call the special attention of the court on this proposition to the case of *Buckner v. Railroad Co.,* 72 Miss. 878, 18 South. 449.

In the case of *Vicksburg, etc., R. Co. v. McGowan,* 62 Miss. 682, this proposition received a very careful examination, explanation and endorsement by this honorable court, and there it is expressly provided that "a violation of the statute referred to, does not impose upon a railroad company an absolute liability for an individual injury inflicted at the time thereof, but is merely negligence entitling the injured party to recover damages, provided he has not been guilty of contributory negligence."

In this case last cited, it is also held that an instruction by the trial court to the jury in the very words of the statute and without qualification, restriction or explanation is error where the language of the statute, if literally construed, would not ex-

press the thought and spirit of the law, but would tend to mislead the jury by practically instructing them that the liability was absolute and that the rule should be enforced without qualification and without reference to contributory negligence or other defenses.

The *McGowan case,* and this particular portion of it, has been referred to and reiterated in the *Stroud case,* 64 Miss. 784, 2 South. 171; the *Summers case,* 68 Miss. 573, 10 South. 63; the *Collins case,* 77 Miss. 859, 27 South. 837; the *Stevens case,* 81 Miss. 207, 32 South. 311; the *Humphreys case,* 83 Miss. 734, 36 South. 154; and the *Bridges case,* 86 Miss. 589, 38 South. 788.

We think, on the whole evidence, and in the light of the testimony, the defendant had a right to argue to the jury that the rule announced in section 4056 did not relieve the plaintiff of the duty of ordinary care and did not relieve him of liability for carelessness and voluntary and reckless exposure to known danger.

*Hudson & Fox,* for appellee.

This cause grows out of a clear violation of a plain inhibition placed in section 4056, of our Code, demanded by the wisdom and experience of employes in railroad life, because of the doctrine of the "assumption of risk," waged by the company against its servants, after the injury caused by the improper loading of cars.

"Knowledge by an employe injured of the defective or unsafe character or condition of any machines, ways or appliances or the improper loading of cars shall be no defense to an action for an injury caused thereby."

It is no longer "contributory negligence," on the part of an employe of the railroad company, in the performance of a duty to his master, voluntarily to incur a danger inherent in the management or operation of "improperly loaded" cars, furnished by his master, with which to perform his duty as switch-

man and he no longer assumes the risk in such cases. Section 4056, of Code has shifted the liability from the shoulders of the employe, where it rested under the common law, to the railroad company, where in justice, and as a matter of public policy, it belongs. An employe may continue in the performance of his duty to couple an "improperly loaded" car, even though it is unmistakably dangerous to do so. All that the law requires of the employe is, that he operates the "improperly loaded" car in such reasonable and careful manner as is consistent with the proper performance of his duties. The care required, will of course vary with the apparent danger. "He must use a degree of care applicable to the situation," says Judge CAMPBELL in the *Buckner case,* 73 Miss. 873.

Section 4056, of the Code, the words "improper loading" of the cars are not qualified, and the court cannot set a limit to the degree of danger, inherent in the use and operation of "improperly loaded" cars, which an employe may voluntarily incur, without interpolating something into the section.

The correctness of an instruction must be determined in connection with the facts of the case, as presented by the evidence, and it should be held correct if it would produce the proper results upon the facts of the case, whether technically or abstractly accurate or not. *Thompson v. Thompson,* 9 Ind. 223; *Keyser v. Kansas City R. Co.,* 56 Iowa, 440; *Ketry v. Thumma* 9 Ind. App. 498–500; *Rosenthal-Meyer & Co. v. Middlebrook,* 63 Tex. 333; *State v. Alleck,* 60 N. C. 450; *Upson v. Raiford,* 29 Ala. 188; *Diel v. Cant,* 22 Ala. 249; *Belote v. State,* 36 Miss. 96; *Maurer v. Miday,* 25 Neb. 575; *Lehman v. Warren,* 53 Ala. 535; *S. & N. Ala. R. Co. v. Wood,* 71 Ala. 215; *Fulton, etc., Co. v. Goodman,* 32 Ala. 108; *Miller v. Jones,* 29 Ala. 174; *Waters v. Spencer,* 22 Ala. 460; *Bride v. Thompson,* 8 Ala. 650; *Skates v. State,* 64 Miss. 644, and divers others.

There was no evidence of contributory negligence other than the mere fact that plaintiff may have known that the car was improperly loaded, and the statute says this shall be no defense.

There was therefore no question of fact for the jury on the subject of contributory negligence.

The legal yard stick by which this court will consider the suggestion to reduce the finding of the jury, because it is excessive is this:—It must evince passion, prejudice, partiality or corruption. *Mississippi, etc., R. Co. v. Corinth,* 51 Miss. 79.

Argued orally by *J. C. Longstreet,* for appellant, and by *S. S. Hudson,* for appellee.

FLETCHER, J., delivered the opinion of the court.

The appellant company chiefly complains because the court declined to submit to the jury the question of contributory negligence. The case arises under section 4056 of the Code, which is for the most part but a rescript of section 193 of the Constitution of 1890, with the important addition as to improperly loaded cars. It is insisted that under the authority of *Buckner v. Richmond & Danville R. R. Co.,* 72 Miss. 873, 18 South. 449, the question of contributory negligence should have gone to the jury. This contention is based on the language employed on page 878 of 72 Miss. and page 450 of 18 South., where it is said: "The Constitution did not have the effect to free employes of railroad companies from exercise of ordinary caution and prudence. It does not license recklessness or carelessness by them, and give them a claim to compensation for injuries thus suffered. They, like others not employes, must not be guilty of contributory negligence, if they would secure a right of action for injuries. The fact of knowledge of defects shall not be, as heretofore, a defense; but the same rule that applies to others applies to them. They must use the degree of caution applicable to the situation; for the absence of this is negligence, and, if it contributed to the injury, no recovery can be had by an employe, any more than by one not an employe. It was not the purpose of the makers of the Constitution to place employes on a more favorable footing as to this than others, but simply to free them from the bar

before held to arise from the fact of knowledge of defective conditions. It is not a defense, but it is a fact or circumstance for consideration, among others, in order to determine the presence or absence of contributory negligence, which is yet a defense, as it was before, but is not to be made out against an employe by the mere fact of his knowledge."

In connection with this holding it is proper to consider the later case of *Railroad Company v. Parker,* 88 Miss. 193, 40 South. 746, in which it is said that the established rule is: "If, knowing the unsafe, defective, or dangerous condition, the complaining, employe be proven guilty of reckless negligence in the use of the appliance at the time of the injury, he cannot recover." It is further said in this case that, in case there is a conflict in the testimony, the question of contributory negligence is one for the jury. But surely it must be true that there must be some proof of recklessness, or at least imprudence, before the court is warranted in submitting this phase of the case to the jury. In the case under consideration the most painstaking and repeated examination of the record fails to disclose any proven fact or circumstance which even tends to show recklessness, indifference to danger, or carelessness on the part of the appellee. It is true that he testifies to his knowledge of the defective loading of the car; but if such knowledge is to be permitted to defeat a recovery, even at the hands of a jury, the constitutional provision is absolutely worthless. True it is, as announced in the *Buckner case,* that section 193 of the Constitution does not abolish the defense of contributory negligence; but the railroad company in order to avail itself of the defense, or even to go to the jury on the question, must show in some way that something more than mere knowledge of the defects contributes to the injury. One injured cannot contribute to the injury by the usual, prudent, and careful use of such appliances as the railroad furnishes, even when such appliances are known to be defective. The employe must be careful in the use of these defective appliances. It may be that the very fact that they are

known to be defective requires a higher degree of care than would be demanded if all the agencies were perfect in construction; but when an employe is directed by his superior officer to make use of defective appliances, and in obedience to such command uses such machinery in a prudent and careful manner, observing such precautions as the nature of the situation demands and permits, and is injured, the railroad cannot be heard to set up the doctrine of contributory negligence, unless the injured person heedlessly exposed himself to a peril so obviously imminent as to render his conduct careless to the point of recklessness. But, there is no proof in this case which brings the case under the operation of this rule. The car was loaded in the usual way, in a manner which had long prevailed in the yards. This appellee had never seen lumber so loaded fall from the car. It was his duty to attend to the switching of the car, and catch the running board of the switch engine in order to go with the engine. Had he refused to go between the defectively loaded car and the piles of lumber on the side, he would have been forced to go around these piles of lumber and thereby lose the chance to catch the running board of the engine, and so be negligent in his duty. In short, there was no sort of proof upon which the jury could have upheld a finding that the unfortunate brakeman recklessly or even carelessly exposed himself to a known and imminent peril; and for this reason we think the instructions on this question were properly refused.

In the light of the testimony as to the serious injuries sustained, and the probability of their being either permanent or remediable only by the successful termination of a very serious operation, we cannot say that the damages are so excessive as to warrant interference by this court. *Louisville, N. O. & Tex. R. R. Co. v. Thompson,* 64 Miss. 584, 1 South. 840.

<div align="right">

*Affirmed.*