GULF & S. I. R. Co. *v.* DANA.

[70 South. 828.]

1. MASTER AND SERVANT. *Injuries to servant. Questions for jury. Defective appliances. Constitutional provision.*

In a suit by a switchman against a railroad company for injuries resulting from defective couplers on cars the court *held* that it was a question for the jury under the facts as to whether or not plaintiff was guilty of contributory negligence.

2. DEFECTIVE APPLIANCES. *Constitutional provisions.*

A yard foreman switchman does not come within the excepted class of employees. Under section 193 of the Constitution which provides that "knowledge by any employee injured of the defective, or unsafe character or condition of any machinery, ways, or appliances shall be no defense to an action for injury caused thereby, except as to conductor or engineers in charge of dangerous or unsafe cars on engines voluntarily operated by them.

Appeal from the circuit court of Harrison county.
HON. J. I. BALLENGER, Judge.

Suit by J. C. Dana against the Gulf & Ship Island Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*B. E. Eaton,* for appellant.

*E. J. Bowers* and *E. E. Brogan,* for appellee.

HOLDEN, J., delivered the opinion of the court.

J. C. Dana, plaintiff below and appellee here, sued the Gulf & Ship Island Railroad Company, defendant below and appellant here, for damages for personal injury, in the circuit court of Harrison county, and obtained judgment, from which this appeal is taken. Appellant assigns several errors of the court below; but we think only one of the assignments of error deserves consideration and discussion here, and that is, the appellant contends that a peremptory instruction to find for the appellant should have been given upon the facts in the case, which are briefly stated as follows: Dana was foreman of a switching crew in Laurel, Miss., in August, 1908, and was there working as a switchman in charge of the switching operations for appellant. In the course of his duties, he undertook to make a coupling between two cars; and as one of the cars was backing toward the other to which the coupling was to be made, he noticed that the knuckle on the drawhead of the moving car, which was one of appellant's cars was twisted and defective, and that there would be some difficulty in making the coupling on account of the defective and twisted condition of the knuckle in the drawhead of the moving car. As the ground where he was compelled to stand in making the coupling was unusually high, he concluded it would be safer for him to undertake the coupling by using his foot to shove the drawhead into a proper position to couple with the draw-

head of the standing car, instead of using his hand for that purpose. Under these circumstances, as the moving car approached the standing car, he used his foot in shoving the knuckle and drawhead to properly make the coupling, and in doing so his foot was mashed partly off on account of the defective knuckle and drawhead.

The plaintiff testified he did not believe that the kicking of the coupling with his foot was any more hazardous than any other act he was called upon daily to perform in his duties as a railroad switchman; that he had frequently kicked couplings before with perfect safety, and that it was not unusual to do so in this character of work when it appeared necessary; that he did not use his hands, because it would not have been as safe as to use his foot, and that he did not consider it as an exceptionally hazardous undertaking; and that he was acting reasonably and prudently under the circumstances in undertaking to make the coupling with his foot instead of his hand. Plaintiff also testified that, shortly before the accident occurred, he had been instructed by the general superintendent for appellant that if he let cars get away again, he would lose his job, and that if he had failed to couple the cars in this instance, they would have gotten away and rolled down the hill to destruction; that in attempting to make the coupling as he did, he was using due care and caution to avoid any injury, and that he was using his best judgment to make the coupling without injury to himself in the short time in which he had to act; that he did not regard the undertaking to make the coupling, under the circumstances, as unusually dangerous or hazardous; and that the injury would not have occurred but for the twisted and defective knuckle and drawhead in appellant's car which he was attempting to couple to the standing car; and that in his employment as switchman there was always an element of risk, hazard, and danger in the work of coupling cars, either by hand or by the foot, but that in this instance there appeared to him no more danger than was usually incident to such service.

At the time the injury occurred there was no "concurrent negligence" statute in our state, and contributory negligence was a bar to recovery. The testimony offered by appellant in the court below was in conflict with the testimony offered by the appellee. The appellant's witnesses testified that, in their opinion, the coupling, under the circumstances, was a dangerous and hazardous undertaking, and also that there was a rule of the company prohibiting employees from making couplings in this manner. The plaintiff testified that he had no knowledge of any such rule, and that couplings were made frequently in the manner in which he made the one in question. With the above state of facts testified to in the lower court, the railroad company asked for, and was refused, a peremptory instruction to find for it; and it urges that the lower court committed error in not granting the peremptory instruction.

The defendant in the court below requested and was granted several instructions, in which the jury were told that if they believed the plaintiff had failed to take reasonable precautions for his own safety, and had failed to use ordinary care and diligence to avoid being injured, they should find a verdict for appellant; that if they believed the appellee, in using his foot to adjust the knuckle in question to make the coupling, was not exercising reasonable and ordinary care for his own safety, he could not recover; that the appellee could not recover if the jury believed that he was endeavoring to perform an obviously hazardous and dangerous thing in adjusting the knuckle with his foot; that appellee could not recover if they believed that no reasonably prudent man would have undertaken to adjust the coupling with his foot; that he could not recover if he was not using reasonable and ordinary care for his own safety, and such failure to do so either produced, or contributed as direct cause to produce, the injury complained of; and that the amount of care that plaintiff was required by law to exercise for his own

safety was increased if he had knowledge that the work in which he was engaged was dangerous and hazardous.

Taking the testimony of the plaintiff as a whole, we are of the opinion that the question of contributory negligence was a question of fact, and was properly submitted to the jury; and by their verdict they said that they did not believe that the plaintiff, under all the facts and circumstances, the time, place and conditions, was guilty of contributory negligence, but that he acted as a reasonably prudent person would have acted under the same circumstances.

The appellant contends that the appellee, being a yardforeman switchman comes within the excepted class of employees under section 193 of the Constitution, which provides that:

"Knowledge by any employee injured, of the defective or unsafe character or condition of any machinery, ways, or appliances, shall be no defense to an action for injury caused thereby, except as to conductors or engineers in charge of dangerous or unsafe cars, or engines voluntarily operated by them."

—and that therefore there can be no recovery here on account of the defective knuckle and drawhead of which appellee had knowledge. As to this contention, we hold, following the rule announced in *Railroad Co.* v. *Parker,* 88 Miss, 193, 40 So. 746, that there are only two classes of excepted employees under this section of the Constitution, and they are conductors and engineers.

*Affirmed.*