10223

MATHIS v. HAIR *ET AL.*

(99 S. E. 810.)

1. COVENANTS—GENERAL WARRANTY—ESTATE CONVEYED—INTENTION OF PARTIES.—General warranty in deed does not in itself enlarge grant to a fee, but is a circumstance to be considered in determining whether a fee was intended.

2. DEEDS—CONSIDERATION—PARENT AND CHILD—LOVE AND AFFECTION.— Love and affection is a sufficient consideration to support father's deed to daughter.

3. REFORMATION OF INSTRUMENTS—SUFFICIENCY OF EVIDENCE—INTENTION OF PARTIES—CONVEYANCE OF FEE.—In suit to reform deed from the habendum of which the word "heirs" was omitted, evidence *held* to establish intention of parties to buy and sell a fee.

Before TOWNSEND, J., Barnwell, Fall term, 1918. Affirmed.

Action by Sallie F. Mathis against J. W. Hair and others. Decree for plaintiff, and defendants appeal.

*Messrs. Harley & Blatt* and *Holman & Boulware,* for appellants, cite: *As to the failure of plaintiff to show a prior agreement or intention which is not expressed in the deed, to convey a fee simple, fee conditional or other estate, which was left out of the deed by reason of a mistake of law:* 94 S. C. 349; 67 S. C. 280; 45 S. E. 164; 44 S. C. 22; 21 S. E. 973; 4 Rich. Eq. 349. *Cases distinguished:* 85 S. C. 472; 95 S. C. 305; 106 S. C. 346. *As to the plaintiff being a volunteer in the subject matter of this litigation:* 2d Pomeroy 588, 679; 34 Cyc. 151; 44 S. C. 22; 21 S. E. 984 (dissenting opinion). *As to laches of plaintiff and her grantor in consulting a lawyer, etc.:* 44 S. C. 22; 21 S. E. 984; 4 Rich. Eq. 307.

*Messrs. Hendersons* and *Brown & Bush,* for respondent, cite: *As to the reformation of deeds in which either there is no habendum clause, or in which the habendum clause con-*

*tained no words of inheritance:* 85 S. C. 472; 92 S. C. 305; 94 S. C. 349; 106 S. C. 346; 44 S. C. 22.   *As to ignorance of law or mistake of law:* Rich. Eq. 349; 20 S. C. 317; 26 S. C. 47; 109 S. C. —; 96 S. C. 604; 49 S. C. 27; 44 S. C. 37; 67 S. C. 480.   *As to laches:* 106 S. C. 346; 106 S. C. 310; 44 S. C. 37.

July 14, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is a proceeding to reform a deed.   The word "heirs" is omitted from the habendum.

This case is so nearly like the case of *Byrd v. O'Neal,* 106 S. C. 346, 91 S. E. 293, that little discussion of it need be made.

Mr. L. L. Anderson came from Texas to South Carolina, a short time before the "War Between the Sections," and married a daughter of Mr. Edwin Stansell.   Mr. Anderson had some money and desired to buy a piece of land before he went to the war.   Mr. Stansell, his father-in-law, undertook to help him and found that Mr. Allen Hair had a plantation that he had recently bought and was willing to sell again at a profit of $800.   There is no dispute that the consideration, $2,800, was not paid in currency acceptable to and accepted by the grantor.   Just after the purchase was made, Mr. Anderson went off to the war.   There is testimony, and it is undisputed, that $2,800 was a full price for the fee.   It was held in *Byrd v. O'Neal, supra,* that the deed itself and the surrounding circumstances may be considered in arriving at the contract between the parties.   The deed was drawn by one not skilled in conveyance.   The deed contained a general warranty.   This does not enlarge the grant, but it has been held to be a circumstance to be considered. The circumstance points to a fee.   There was nothing to warrant to the heirs if it did not convey an estate of inheritance.   While this is not sufficient, it is a circumstance that appears on the face of the deed itself.

The trial Judge struck out the testimony of Mr. Anderson. This was too sweeping; some of it was competent. The negotiations which terminated in the deed were conducted by Mr. Stansell, the father-in-law of Mr. Anderson. This is a stronger case than *Byrd v. O'Neal.* It looks as if it is hard for a man to realize that he, himself, is mortal. It is easy for a man to realize that his son-in-law, who is going to war, is mortal, and that in all probability the life is short. It is perfectly clear that Mr. Stansell did not bargain for an interest in a tract of land limited to the life of his son-in-law, who was on his way to the war, and that would in all probability deprive his daughter of the land and the use of the money in favor of a stranger. It is clear enough that Mr. Anderson would not have risked his money on a life estate, just then. After the war Mr. Anderson made extensive and permanent improvements on the land. It is true that much of the timber cut on the place went into improvements on the place, but much of it did not, and for 30 years he appropriated to his own use timber that belonged to the remainderman, if there had been a remainderman. The grantor held the land less than three years, bought the land from a stranger, and sold to a stranger at a profit. There is no reason, sentimental or otherwise, suggested for a remainder. There was no claim by himself or his heirs, prior to this suit, of a remainder. The record shows no objection to the use as a fee. On the cross-examination, the defendants brought out this: "Q. Did he make any remark as to what kind of papers he was going to make? A. He made the statement that he was going to give me a perfect deed."

The appellants cannot successfully complain of the testimony brought out by themselves. Every circumstance shows that a fee was intended. Mr. Anderson conveyed to the plaintiff, his daughter, for love and affection. This is certainly a sufficient consideration, and the plaintiff is not a volunteer.

The trial Judge ordered a reformation of the deed so as to make the conveyance a fee. From this decree the defendants appealed and raised the following objections:

1. That there was not sufficient proof that full value for a fee was not paid.

The proof was that the amount paid was full value, and there is not a word to the contrary.

2. That the warranty was to the estate conveyed and not a fee.

It has not been so held.

3. That plaintiff failed to prove a clear and convincing agreement.

We have seen that it was clear and convincing.

4. That the evidence as to use since the execution of the deed does not tend to establish any intention to convey a fee.

We have seen that the evidence does establish the intention to buy and sell a fee.

5. That the evidence shows laches.

The record shows that this suit was brought "with all convenient speed."

The judgment is affirmed.