## STATE ex rel. STATE BANK COM'R v. MARTIN.

No. 26159. May 5, 1936.

Rehearing Denied July 1, 1936.

Application for Leave to File Second Petition for Rehearing Denied Sept. 29, 1936.

M. B. Cope, Malcolm E. Rosser, Bronse Hoover, and Campbell Osborn, for plaintiff in error.

M. H. Silverman, Silverman, Rosenstein & Fist, Martin & Spradling, J. R. Ramsey, A. J. Kriete, Thos. F. Shea, W. C. Franklin, W. A. Daugherty, Randolph, Haver, Shirk & Bridges, M. A. Breckenridge, Wm. F. Tucker, and Allen, Underwood & Canterbury, for defendant in error.

RILEY, J. The statutory liability of a

stockholder in the failed Exchange Trust Company is sought to be recovered in this action. The appeal occurs upon judgment of the trial court sustaining a demurrer to the petition and dismissing the cause.

The petition alleges organization of the Exchange Trust Company, pursuant to a written agreement dated April 20, 1918, executed between stockholders of the Exchange National Bank and trustees. By the agreement ownership of stock in the trust company was limited to persons who were or should become stockholders in the bank. Under the agreement the trust stock was to be held by the trustees in the same name and in the proportion as stock was held in the bank.

The instrument contemplated liability of stockholders in the trust company and by its terms made provisions to indemnify the trustees from such loss.

It was provided that the trust stock could not be severed from the bank stock, and evidence of the beneficial interest in the trust stock was to be indorsed upon the bank stock.

Plaintiff alleged that the trust company was organized, owned, and controlled as in the trust agreement provided, and that defendant's stock since July 12, 1932, had been held by designated trustees; that the authorized capital stock of the trust was $1,000,000. The articles of incorporation were dated from July 12, 1918. On April 15, 1925, the trust company established a commercial savings and banking department pursuant to the provisions of section 5, ch. 56, S. L. 1925. The capital stock of the bank was $3,000,000, and that of the trust, fully paid in at the time of collapse, was $1,000,000.

The defendant in error on June 29, 1933, held 285 shares of the stock of the bank of the par value of $5,700, and was the beneficial owner of 19 shares of the Trust Company of the par value of $100 per share.

It is alleged that $100,000 of the stock of the trust company was set aside for a commercial banking department, but all the liabilities of that department were paid on May 29, 1933, and no deposits were received thereafter. None of the indebtedness of the trust company was incurred prior to January 1, 1932.

On June 29, 1933, the trust company by resolution of the board of directors was placed in the hands of the Bank Commissioner of the state of Oklahoma, and the said official assumed control, and on August 28, 1933, and after examination of assets the said official declared the trust company insolvent, and finding it necessary to collect the entire additional liability of all stockholders on said date, such an assessment was made and the defendant was duly notified.

The plaintiff prays for judgment in the sum of $1,900, with interest thereon from August 28, 1933, at 6 per cent. and costs.

The one assignment of error is that the trial court erred in sustaining the demurrer to the amended petition.

Section 1, art. 14, Const. of Oklahoma, directs the Legislature to provide for the creation of a Banking Department to be placed under the control of a Bank Commissioner, whose power and authority shall extend to a regulation and control of all state banks, loan, trust and guaranty companies "under laws **which shall provide for the protection of depositors and individual stockholders."**

Section 9147, O. S. 1931 creates the office of Bank Commissioner and specifies certain duties.

Section 9172, O. S. 1931 (sec. 302, R. L. 1910), authorizes the Bank Commissioner to take charge of a trust company under the conditions alleged, and by virtue of this statute it is the duty of the Bank Commissioner to "proceed to wind up its affairs and enforce the personal liability of the stockholders, officers and directors."

The action of the Bank Commissioner in making the assessment is conclusive on the stockholders. Section 9174, O. S. 1931; State ex rel. Shull v. Hamblin, 132 Okla. 266, 270 P. 327; Thompson v. State, 119 Okla. 166, 248 P. 1110.

Section 9230, O. S. 1931, dealing particularly with trust companies as distinguished from banks, in event of insolvency, directs the Bank Commissioner to:

"Liquidate said trust company and wind up its affairs in the same manner as provided by law for the liquidation of state banks. * * *"

Section 9216, O. S. 1931, the same being section 13, ch. 56, S. L. 1925, amended section 4214, C. O. S. 1921, so as to read:

"Each stockholder of a company organized under this article shall be additionally liable for the amount of stock owned by him."

The defendant in error contends that this section of the statute does not create an adtional liability in cases of insolvency, but that the terms of the statute are to be limited

to an impairment of capital and restricted to trust companies that are going concerns, and that in any event the statute is to be given a prospective rather than a retroactive application, thus exempting from its operation the Exchange Trust Company and all of its capital stock created and authorized prior to the enactment of the statute.

In addition the defendant in error contends that section 9215, O. S. 1931 (Act of 1910-11, c. 43, sec. 2), admittedly, by its terms, creating an additional liability in favor of the Bank Commissioner for the benefit of creditors and against stockholders of trust companies, in the process of liquidation, is unconstitutional for title defects (article 5, sec. 57, Constitution), in that no mention is made in the title to the act that an additional liability is provided against stockholders of trust companies.

Without giving consideration to the constitutionality of section 9215, O. S. 1931, it is our conviction that section 9216, O. S. 1931, applies to stockholders in all trust companies, whether organized prior or subsequent to enactment of the amendment.

The provision is that:

"Each stockholder of a company organized under this article shall be additionally liable. * * *"

It is noteworthy that the liability is not limited to stockholders of corporations thereafter organized under the article.

The article had long been in existence (article 3, ch. 6, R. L. 1910; art. 4, ch. 24, C. O. S. 1921), and while as a general rule statutes are given a prospective interpretation only unless a contrary legis'ative intention clearly appears, we think the purpose of the Legislature is here manifested to place all stockholders of trust companies on the same footing as to their statutory liability.

The amendment increased the liability. Theretofore such a stockholder was liable to the extent only of double the amount that was unpaid upon the stock held by him. Langford v. Menefee, 45 Okla. 228, 145 P. 375. Thereafter such a stockholder was additionally liable for the amount of stock owned by him.

In both instances organization of companies under the provisions of the article was a condition of liability.

The words "this article," as used in the amendatory act, refer to the article as it existed from the beginning, and the words are not to be applied as restricted to the amendatory act. State v. Anderson (Kan.) 232 P. 238; Wright v. Cunningham (Tenn.) 91 S. E. 293; Henry v. McKay, Co. Treas., (Wash.) 3 P. (2d) 145, 77 A. L. R. 1025.

Our view is similar to that expressed in Hirshfeld v. Bopp, 50 N. Y. S. 676, and the legislation deals with the identical subject-matter. There, as here, it was contended that liability specified in the banking law was meant to be imposed only upon such corporations as should be thereafter organized. But it was held to be improbable "that the Legislature in framing a general banking system intended to make such a distinction * * * which would lead to inequality and injustice for years to come. Such an intention is not to be inferred." Hagmayer v. Alten, 72 N. Y. S. 625; such is the rule stated in Re Oliver Lee & Co.'s Bank, 21 N. Y. 9:

"No motive can be discovered for confining its operation to future banks. The intention was to protect more adequately the creditors of these institutions, and to take from their proprietors, to a qualified extent, the shield afforded by the corporate personality in which their individual ownership was merged." Allen v. Scott (Ohio) 135 N. E. 683.

Such was the view in Davis v. Moore (Ark.) 197 S. W. 295.

The Constitution does not prohibit the Legislature from imposing additional liability upon stockholders in trust companies already organized. Section 47, art. 9, Const.; Noble State Bank v. Haskell, 22 Okla. 48, 97 P. 590; note 72 A. L. R. 1259.

The rule is well established, where the law under which a corporation is organized reserves the power of alteration or repeal of the charter or franchise, a superadded liability of stockholders provided by subsequent law applies to holders of stock previously issued or to stockholders of corporations previously organized.

To the contrary see International Mtg. Trust Co. v. Henry (Kan.) 30 P. (2d) 311; Megargee v. Wakefield Mfg. Co., 48 Penn. 442. Clearly, section 9216, supra, was applicable to defendant below, under the general view applied to liability of stockholders of banks and trust companies.

The next question involved is whether section 9216, supra, imposes liability merely to restore impaired capital, or whether it creates a liability for the benefit of creditors in the event of insolvency. The history of the statute goes back to the territory of Oklahoma, and to section 16, art. 5, ch. 11, of the S. L. of 1901. By the original enactment the

stockholders in trust companies were liable for the debts of the corporation, but limited to double the amount unpaid upon the stock held by the stockholders so charged with liability. See, also, section 331, R. L. 1910, and section 4214, C. O. S. 1921, and Langford v. Menefee, 45 Okla. 228, 145 P. 375.

The mere fact that the statute contemplates and provides a method of making an assessment in case of impairment of capital is not to say that liability is restricted to that purpose. The history of the enactment is to the contrary. The words used are to the contrary when considered in the light of the whole enactment, and especially section 8, the same being section 9234, O. S. 1931, giving depositors in the commercial savings department for their deposits a security and claim with other creditors of the trust company "upon the remaining capital and other property of the corporation, together with the stockholder's liability thereunder."

This convinces beyond doubt that the legislative intent of the whole enactment was to extend liability to and beyond insolvency and not restrict it to impairment of capital. See, also, the seventh section of the enactment, the same being section 9233, O. S. 1931.

Judgment reversed and cause remanded, with directions to reinstate the cause, overrule the demurrers to the petition of plaintiff and proceed consistently with the views herein expressed.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. BAYLESS, and WELCH, JJ., absent.