C. M. MILLISACK, Respondent, v. ALLEN MOORE, Appellant.

**Kansas City Court of Appeals, November 7, 1898.**

1. **Banks and Banking:** LIABILITY OF STOCKHOLDER: PARTIES. In an action to recover from a stockholder of a banking corporation for loss sustained by a depositor in the failure of the bank, the receiver is not a competent party since the stockholder's liability is additional security for the individual depositor.

2. **Jurisdiction:** JUDGMENT: FINDING OF COURT. No reason appears in this record why the Kansas court rendering a judgment had not jurisdiction, especially since such court made a finding of its jurisdiction as recited in its judgment.

3. **Banks and Banking:** LIABILITY OF STOCKHOLDER: INTEREST. A stockholder becomes liable for interest from the commencement of a suit to enforce his liability to an individual depositor, even though such interest increases his liability beyond the amount fixed by the law.

4. ———: ———: SUFFICIENCY OF PETITION. The petition in this case held sufficient.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

E. R. SHEETZ and FRANK SHEETZ for appellant.

(1) The receivers are the only persons who can sue. State ex rel. v. Union Stock Yards, 6 Am. and

Eng. Corp. Cases, New Series, 721, and cases cited; Tuttle v. Bank, 34 L. R. A. 750 and 757, and cases cited. (2) The district court in Kansas had no jurisdiction to render judgment against the bank, because there was no proper service. Ford v. K. C. Short Line, 52 Mo. App. 439; Could v. Inhabitants, 86 Mo. 357. (3) No interest should have been allowed. Coquard v. Prendergast, 47 Mo. App. 243. (4) The petition states no cause of action. Marshall v. Sherman, 148 N. Y. 9; s. c., 34 L. R. A. 757, and cases cited.

J. M. DAVIS & SONS and STEBBINS & EVANS for respondent.

(1) The construction placed on the Kansas statute by the supreme court of that state would seem to be conclusive on this point. Sutherland on Statutory Construction, sec. 191. Under the decisions of the supreme court of Kansas this liability can be enforced only by the creditors for themselves in separate actions at law. Abbey v. Dry Goods Co., 44 Kan. 415; Sleeper v. Norris, 53 Pac. Rep. 757; Wells v. Robb, 43 Kan. 201; Bueist v. Bank, 4 Kan. App. 700. The text-books, with substantial unanimity, state that this liability is direct to the creditor. Cook on Stock and Stockholders [3 Ed.], sec. 218; 3 Thompson's Commentaries on Corporation, sec. 3560; Beach on Corporations, sec. 716; Thompson on Liability of Stockholders, sec. 342; Wait on Insolvent Corporations, sec. 233; Morawetz on Corporations [2 Ed.], sec. 869; Smith on Receivers, sec. 78; Beach on Receivers, p. 195; Hueser v. Thompson, 56 Mo. App. 85; Bank v. Ins. Trust and Deposit Co., 87 Fed. Rep. 115. (2) The circumstances under which a corporation loses its franchise and is dissolved,

must be determined by the laws of the state which created the corporation.   Murfree on Foreign Corporations, sec. 474.   (3)   The judgment introduced in evidence in this case recites due service upon defendant corporation, which would cure all except jurisdictional defects in the manner of service.   Freeman on Judgments [3 Ed.], sec. 126.   (4)   The bringing of an action is the creditor's demand.   He thereby obtains a prior right to the liability of the stockholder sued. Wells v. Robb, 43 Kan. 201.   The stockholders sued may then and there discharge his liability by payment and thus save further costs.   Howell v. Manglesdorf, 33 Kan. 197.   May he obstruct collection for several years without being liable for interest?   For a full discussion of this subject, see 3 Thompson's Commentaries on Corporations, sec. 3133.   (5)   That the petition of respondent states a cause of action.   Guerney v. Moore, 131 Mo. 650; Bagley v. Tyler, 43 Mo. App. 195; Ferguson v. Sherman, 47 Pac. Rep. 1024; Rhodes v. Bank, 66 Fed. Rep. 512; Bank v. Ellis, 166 Mass. 414.

ELLISON, J.—Plaintiff was a depositor in the Sherman County Bank in the state of Kansas and defendant was a stockholder in said bank residing in Missouri.   The bank had failed and had been placed in the hands of a receiver when plaintiff sued the bank there and obtained judgment.   He then brought the present suit on said judgment against defendant, who as before stated, was a stockholder in the bank, relying upon the liability of a stockholder for the deposit debts of the bank.   Judgment was rendered for plaintiff in the trial court.

Defendant makes four points against the judgment.   First, that the liability of the stockholder is an

Millisack v. Moore.

asset of the bank and can only be sued *Banks and banking: liability of stockholder: parties.* upon by the receiver. The point is not well taken. The rule is that the liability is for the benefit of the depositor and may be sued upon by him direct, the receiver of the bank not being a competent party plaintiff, since the amount to be recovered does not belong to the bank, it being an additional security for the individual depositor. Smith on Receivers, sec. 78; Thompson on Liability of Stockholders, sec. 342; Morawetz on Corps., sec. 869; Beach on Corps., sec. 716.

The second complaint is that the district court of Kansas had no jurisdiction to render the judgment sued on on account of the service made by *Jurisdiction: judgment: finding of court.* the sheriff. It is difficult to understand just what is meant by this objection as it is not elaborated by argument. We however discover no error in the service. It seems the suit in Kansas was against both the bank and the receivers. The service was had on the bank by serving the president and also on the receivers. But in addition to this the district court of Kansas made a special adjudication of the matter of service and adjudged it to have been had as provided by law. We rule the point against defendant.

The next objection relates to the court's having allowed interest. We rule this point also against the defendant. We do not consider the case of Coquard v. Pendergrast, 47 Mo. App. 243, as sus- *Banks and banking: liability of stockholders: interest.* taining the point as here applied. If the stockholder who is the debtor, fails to pay the claim of the creditor, when suit is brought against him as here, he becomes liable for interest from the commencement of the suit, notwithstanding the addition of interest to his principal liability increases the amount which the law has put upon

him by reason of his becoming a stockholder. It will draw interest unless paid at the institution of the suit. 3 Thompson Com. on Corps., sec. 3133. Some objection was taken to the sufficiency of the petition in that it did not state a cause of action. We think it not well taken. The judgment is affirmed. All concur.