BOARD OF BANK EXAMINERS *v.* GRENADA BANK.*

(Division A. April 28, 1924.)

[99 So. 903. No. 24123.]

BANKS AND BANKING. *Executors and administrators. Law providing for double liability of stockholder construed.*

Under section 3619, Hemingway's Code, the double liability of a stockholder accrues and is fixed at the full amount of his stock when the bank is put in course of liquidation and it is reasonably apparent that the assets of the bank will not be sufficient to pay the depositors; and such claim against the estate of a deceased stockholder is barred, under section 2107, Code of 1906, and amendment (Hemingway's Code, section 1775), unless probated, where stockholder dies after liability accrues.

---

*Headnote 1. Banks and Banking, 7 C. J., section 76 (1925 Annotations); Executors and Administrators, 24 C. J., section 95?.

APPEAL from chancery court of Grenada county.
HON. JAS. G. McGOWEN, Chancellor.

Suit by the board of bank examiners against the
Grenada Bank, administrator of the estate of W. H.
Miers, deceased. Decree for defendant, and plaintiff
appeals. Affirmed.

*B. D. Newsom, C. L. Hester* and *Flowers & Brown*,
for appellants.

This case presents only one question for decision.
It is whether the claim for liability on the stock owned
by W. M. Miers, deceased, in the Bank of Commerce,
of Grenada, Mississippi, accrued before or after his
death. If the claim accrued during the life of the de-
ceased, it should have been probated against his es-
tate, and it is now barred for failure to do so. If it
did not accrue until after his death it is a valid claim
against his administrator and decree therefor should
have been rendered against appellee. Section 3619 of
Hemingway's Code fixes the liability of stockholders
in failed banks.

After sufficient money has been collected from the
assets of a failed bank to pay its liabilities, the re-
maining assets belong to the stockholders. And the
stockholders can never be called upon to pay in the
amount of their liability under the statute until the
losses of the failed bank are such as to make this nec-
essary in order to pay the claims of depositors. The
capital stock must consume the first losses. And the
losses must equal twice the amount of the capital stock
before the stockholders can be made to pay in the full
amount of their liability.

W. M. Miers died in June after the failure in Feb-
ruary. No time had elapsed between the failure and
his death for the collection of the bank's receivables.
Most of its creditors were farmers and they were then
in the midst of the farming season. They could not

then be expected to make any substantial payments on their notes. They could not pay until in the fall, after the harvesting season. And the other creditors were small town merchants who were largely dependent upon the farmers. The farmers owed them for goods and supplies furnished for which they could not pay until their crops were sold in the fall. There was no way for appellants to know at that time what the losses would be. They did not know what amount the creditors would pay in the fall. They could not foresee future financial conditions. And it would have been extremely unfair to the stockholders to have called upon them for their double liability without first having exhausted every reasonable means to collect on the bank's receivables.

We do not contend that all the assets of a failed bank have to be liquidated and administered before demand may be made on the stockholders for their liability. As was held in *Pate* v. *Bank of Newton,* 116 Miss. 666, 77 So. 601, the suit can be maintained whenever it is reasonably apparent that the assets of the bank will not pay the depositors. But the assets of a failed bank will always pay the claims of depositors unless the losses thereon exceed the capital stock. And it was not reasonably apparent before the death of W. M. Miers that it was necessary to call upon the stockholders for the amount of their double liability in order to pay the claims of depositors. It was not so apparent until some time after the death of W. M. Miers. Upon the death of W. M. Miers his stock in the Bank of Commerce passed to appellee as his personal representative. The claim for liability had not then accrued and for all that was then known the bank stock was an asset in the hands of the administrator. The liability thereafter accrued and it was proper to sue appellee for the same under the statute hereinbefore quoted and the funds under its charge as such administrator are liable for the payment of this liability.

Double liability on bank stock is contingent. It may become fixed and it may never accrue. And it is not a demandable claim until it does accrue. It is similar to the liability of a surety on a surety bond. It is contingent on the losses of the failed bank's receivables being sufficiently large to make its payment necessary. The case of *Savings B. & L. Association* v. *Tartt,* 81 Miss. 276, 32 So. 115, is authority for the view we have here advanced.

The case of *Boyd, et al.,* v. *Applewhite,* 121 Miss. 879, and the authorities there cited, also support the view that unliquidated and contingent claims are not probatable. Unless the losses of a failed bank are determined within a reasonable degree of certainty and correctness a claim against one of its stockholders for his statutory liability is just as much an unliquidated and contingent claim as a claim for tort. The decree of the chancellor should be reversed and decree entered here granting appellants the relief sought.

*W. M. Mitchell,* for appellee.

The bill filed by the appellants in this cause is a complete answer. It appears from their own showing that the liquidators could and should have called for the payment of this liability of Miers before his death as it had become reasonably apparent to them that this would be necessary to pay depositors. And this is the test laid down by this court in the case of *Pate* v. *Bank of Newton,* 116 Miss. 666.

Under the showing made by the bill of appellants, it certainly should not have taken the liquidators more than four months after the affairs of the bank were taken over by them to discover with a reasonable degree of certainty whether or not the assets were sufficient to pay all obligations including depositors in full. They were presumed to be, and were, good business men, and it surely is not a violent presumption, even in the ab-

sence of the showing made by their bill, that they could have and did discover the fact that the bank was hopelessly insolvent long before the death of W. M. Miers, and hence they did not have to wait, as contended by counsel for appellants, until practically all the assets had been collected. As said in *Pate* v. *Bank of Newton, supra,* it might require time to collect all of the assets, etc.—as in fact it did in this case, according to their own showing—while at the same time it might be perfectly clear long beforehand that, when this is done, there would still be a large deficit due the depositors.

In *Boyd* v. *Applewhite,* 121 Miss. 879, the court held that the liability of directors of banks for negligent management does not rest upon contract, but is based upon violation of duty, and is in the nature of tort, and hence, not a probatable claim against a decedent, etc. Whereas, the claim against a stockholder for statutory liability to depositors is contractual, and hence must be probated against the estate of a decedent, under our statutes. See *Richards* v. *Gill,* 122 N. Y. Supp. In *Savings .B. & L. Association* v. *Tartt,* 81 Miss. 276, the liability of a surety on a guaranty bond of a guardian was held not to come under the provisions of the probation statutes for the reason that it was a secondary and contingent liability, and not a primary and fixed liability as in this case. Counsel for appellants very frankly concede that if this was a properly probatable claim against the estate of W. M. Miers, then their failure to probate it within the statutory period of six months after publication of notice to creditors was fatal to their right to recover in this suit, and the ruling of the chancellor was correct and should be affirmed, under *Ridgeway* v. *Jones,* 125 Miss. 22, etc., and it is not therefore necessary to argue this point.

HOLDEN, J., delivered the opinion of the court.

The suit was in chancery by the state board of bank examiners against the stockholders of the Bank of Com-

merce, to recover the face value of the shares of capital stock owned by them at the time the bank was put in course of liquidation for the benefit of the depositors, whose claims were guaranteed by the state guaranty fund, under section 3619, Hemingway's Code.

One of the defendants in the bill was the appellee, administrator of deceased, W. M. Miers, who owned several shares of the capital stock of the bank and who died four months after the bank was put in course of liquidation, and his administrator defended against the claim of the bank examiners on the ground that the bank examiners failed to probate the claim against the estate within the statutory period after publication of notice. The court sustained this contention and dismissed the bill as to the estate of Miers, deceased, and from this decree the bank examiners appeal.

It was argued by the appellants that the bank examiners were not required to probate the claim against the estate of stockholder Miers, because it was a contingent liability at the time of the failure of the bank and during the succeeding four months before the death of Miers, and that it was not required to be probated until the assets of the bank had been liquidated to the extent that the *pro rata* liability of Miers could be fixed with certainty, which could be ascertained only after his death in this case.

In other words, the contention is that the double liability of a stockholder under the statute is not a probatable claim until a liquidation of the bank's assets so as to determine definitely what amount, or. what *pro rata* amount, the stockholder is due the liquidating bank upon the stock owned by him.

The opposite view of appellee is that, when the bank failed and was put in course of liquidation by the bank examiners, the stockholders became immediately liable for double the value of the stock owned by them, and that, since the bank in this case failed four months be-

fore the death of the stockholder Miers, the liability of Miers was fixed and certain in double the amount of his stock at the time the bank failed, and before Miers' death, and that the claim was probatable against the estate of Miers after his death, and the failure to probate it within the time prescribed by law bars a recovery against the estate of the deceased stockholder.

So the simple question in the case is whether or not the liability of the stockholder was fixed and accrued before his death, or whether it was a contingent liability which required a liquidation of the assets of the bank to ascertain the *pro rata* amount due by the stockholder before the claim passed from the contingent *status* to one of certainty. Of course, if the claim was probatable—that is to say, if the amount claimed was certain against the stockholder while he was living—then the claim was required to be probated during the statutory time after his death.

We think the case of *Pate* v. *Bank of Newton,* 116 Miss. 666, 77 So. 601, has settled this question in favor of the appellee in the present case. As we understand that decision, a suit may be brought by liquidators against the stockholders on their liability for the full amount of their stock, at any time after the bank is taken over in liquidation whenever it is reasonably apparent that the assets of the bank will not pay the depositors. In the case before us the bill filed by appellants charges that the bank was hopelessly insolvent at the time it was put in course of liquidation and before the death of the stockholder Miers.

Therefore it is conclusively shown the assets of the bank would not be sufficient to pay the depositors, at a time when the deceased Miers was still living. Consequently under the *Pate Case, supra,* the liability of the stockholder Miers while living was not contingent but was certain, and the suit for recovery against him could have been maintained for the full amount of the stock, and

therefore the claim against his estate was probatable aft-
er his death. And the failure to probate the claim with-
in the time prescribed by the statute barred a recovery
The decree of the lower court is affirmed.

*Affirmed.*