SKARIE, Receiver, Respondent, *v.* MARRON, Appellant.

(No. 6,034.)

(Submitted January 11, 1927. Decided February 14, 1927.)

[253 Pac. 895.]

*Banks and Banking—Insolvency—When Receiver may Enforce Stockholders' Liability — Order Adjudicating Necessity — When Conclusive—Collateral Attack.*

Banks and Banking — Insolvency — Stockholders' Liability — Order Adjudicating Necessity of Collection — When Conclusive — Collateral Attack.
1. An order made by the district court in a bank receivership proceeding, adjudicating the necessity of collecting the stockholders' liability to pay the debts of the bank, from which an appeal had not been taken, was conclusive upon the stockholders and could not thereafter be collaterally questioned in an action brought under section 6036, Revised Codes of 1921, as amended by Chapter 9, Laws of 1923, to enforce their liability.

---

1. See 3 **R. C. L.** 415.

Same—When Receiver may Enforce Stockholder's Liability.
  2.   Where it is made to appear that the assets of an insolvent
  bank are insufficient to pay all its liabilities, the receiver in charge
  may enforce the stockholders' liability under section 6036, above,
  before all the assets of the bank have been disposed of and the
  proceeds applied toward the satisfaction of the claims of its cred-
  itors.

[1]  Banks and Banking, 7 C. J., sec. 89, p. 514, n. 78; sec. 98,
p. 516, n. 10 New.
  [2]   Banks and Banking, 7 C. J., sec. 89, p. 514, n. 78.  Corpora-
tions, 14 C. J., sec. 1705, p. 1093, n. 24.

*Appeal from District Court, Roosevelt County; S. E. Paul,
Judge.*

ACTION by C. H. Skarie, as receiver of the Citizens' State
Bank of Culbertson, against Peter Marron.  From a judgment
for plaintiff, defendant appeals.  Affirmed.

*Mr. Paul Babcock,* for  Appellant, submitted  a  brief  and
argued the cause orally.

*Mr. J. E. Rucker,* for Respondent, submitted  a  brief  and
argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

This action was instituted by the plaintiff, as receiver of the
Citizens' State Bank of Culbertson, to recover from the defend-
ant a 100 per cent assessment levied upon certain shares of the
capital stock of the bank held by him when the bank became
insolvent.

After the pleadings in the case were settled, the parties sub-
mitted the cause upon an agreed statement of facts, from which
it appears that the bank had a capital stock of $25,000 divided
into 250 shares of the par value of $100 each, all of which had
been issued prior to January 15, 1924, at which time the de-
fendant was the owner and holder of ten of such shares, and on

2.  See 3 R. C. L. 416.

that date the bank became insolvent, closed its doors, ceased to do business and has remained insolvent at all times since. On April 24, 1924, the plaintiff was appointed receiver of the bank, and at all times since has been the duly appointed, qualified and acting receiver thereof.

On or about December 30, 1924, upon petition of the receiver, the court made an order directing him on January 20, 1925, to levy and collect by suit, or otherwise, the statutory liability of all holders of capital stock of said bank, unless by that time the bank had been reorganized, or a satisfactory plan of reorganization had been presented to the court. The bank was not reorganized, and no satisfactory plan of reorganization was presented to the court within the time specified in said order, and on January 23, 1925, in accordance with said order, the receiver demanded of the defendant payment of the sum of $1,000 as the amount of the statutory liability due from him on account of his stock ownership. Defendant did not pay in accordance with this demand, and on April 18, 1925, on petition of the receiver, the court made a further order wherein it was specifically recited that, in order to pay the debts of the bank, it was necessary to enforce the stockholders' liability of the defendant and others therein named, that a suit against them was necessary for that purpose, and the receiver was authorized to institute a suit against this defendant for that purpose.

In the agreed statement it is further recited that, at the time the bank suspended business, it had on hand and carried on its books certain assets, classified as follows:

| | |
|---|---:|
| Good ..................................... | $114,430 60 |
| Doubtful ................................. | 68,501 91 |
| Worthless ................................ | 106,524 70 |
| making a total of.......................... | $289,457 21 |

and that its liabilities at that time amounted to $230,438.78;
that on December 31, 1925, the assets of the bank as carried on
its books by the receiver were:

| | | |
|---|---|---|
| Good | $ 41,552 | 83 |
| Doubtful | 53,401 | 13 |
| Worthless | 98,496 | 47 |

a total of......................................$193,450 43

and that at that time the liabilities of the bank were
$111,505.67; that the assets and liabilities of the banks on De-
cember 30, 1924, January 23, 1925, April 16, 1925, and May
20, 1925, when the suit was commenced, were approximately
the same as they were on December 31, 1925. It was also
recited that there were additional assets belonging to the bank,
consisting of bank building and fixtures and other real estate,
valued at about $14,500.

Upon these facts the court found the issues in favor of the
plaintiff and rendered and entered judgment against the de-
fendant. From this judgment the defendant has appealed.

The only question argued in defendant's brief is whether
[1] the receiver can maintain an action against a stockholder
to collect on his statutory liability before exhausting all the
assets of the bank.

Defendant contends that, until the receiver had disposed of
all the assets of the banking corporation and applied the pro-
ceeds toward the liquidation of its indebtedness, he was not
entitled to call upon him or other shareholders to contribute
to a fund for the relief of the creditors of the bank.

The statute under which this action is brought, section 6036,
Revised Codes of 1921, as amended by Chapter 9 of the Session
Laws of 1923, reads: "The stockholders of every bank shall
be severally and individually liable, equally and ratably, and
not one for the other, for all contracts, debts, and engagements
of such corporation, to the extent of the amount of their stock

therein, at the par value thereof, in addition to the amount invested in such shares. * * * In cases where a bank is liquidated by a court through a receiver, the receiver may by order of the court institute and maintain appropriate suits or actions in the courts of this state on behalf of the creditors of the bank against stockholders for the recovery and collection of stockholders' liability."

In the agreed statement of facts the insolvency of the bank was admitted, and it is disclosed that the necessity for the collection of the total amount of defendant's statutory liability as a stockholder in order to pay the debts of the bank, as well as authority to prosecute this action to enforce such collection, were by the order of April 18, 1925, both adjudicated by appropriate proceedings in the receivership matter pending in the district court.

An analogous situation was presented in *Springhorn* v. *Dirks,* 72 Mont. 121, 231 Pac. 912, wherein it was held that such an order made in receivership proceedings was conclusive and binding upon the stockholders and could not be collaterally questioned in an action brought thereunder to enforce the stockholder's liability. The rule there announced is supported by the authorities generally. (*Lynch* v. *Jacobsen,* 55 Utah, 129, 184 Pac. 929; *Howarth* v. *Lombard,* 175 Mass. 570, 49 L. R. A. 301, 56 N. E. 888.) Since defendant did not appeal from that order, the determination made thereby is conclusive upon him in this proceeding and deprives him of the right to defend this action on the grounds advanced.

But in view of certain stipulations in the agreed statement [2] of facts relative to the amount of the assets and liabilities of the insolvent bank, we shall notice defendant's argument that the receiver could not properly commence an action to enforce the stockholder's liability before exhausting all the assets of the bank. In support of this contention counsel cites only the case of *Muri* v. *Young,* 75 Mont. 213, 245 Pac. 956.

That was an appeal from an order dissolving an attachment, and the sole question there presented was whether the stockholder's liability, under the statute now being considered, is of such a character as to warrant the issuance of a writ of attachment upon it, under the provisions of section 9256, Revised Codes of 1921. The time when an action for the enforcement of such liability might be commenced was not in any way involved.

Our statute makes no requirement that the assets of an insolvent bank shall be converted into cash and applied toward payment of its debts before this liability may be enforced. In *Springhorn* v. *Dirks, supra,* the right of the receiver to enforce such liability before the exhaustion of all the assets of the insolvent bank was indirectly recognized, and this right has been expressly declared in *Lynch* v. *Jacobsen, supra,* and *Pate* v. *Bank of Newton,* 116 Miss. 666, 77 South. 601.

In 7 Fletcher, Cyc. Corp., page 7401, the author says: "Where the [stockholder's] liability is enforced by a receiver in connection with administering the estate of the corporation, it is generally held to be sufficient if it is made ·to appear that the corporate assets are insufficient to pay all its liabilities, and that it is not necessary to wait until the corporate assets have been converted into money and applied to the payment of claims, or until the estate is fully wound up before suing the stockholders." This statement is supported by ample citations of authority.

In this case, by the order of the court above referred to, it was judicially ascertained and determined that the assets of the bank were insufficient to pay its liabilities; and, under the authorities above cited, the court was fully warranted in making the order which directed the receiver to commence this action to enforce payment of defendant's liability as a stockholder before all the assets of the bank had been disposed of

and the proceeds applied toward the satisfaction of the claims of its creditors.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, MATTHEWS and GALEN concur.