This action was commenced in the district court of Lincoln county, by the State Bank Commissioner, as plaintiff, against C. Hamblin, as defendant. Parties will be referred to as they appeared in the trial court, plaintiff and defendant.
Suit was brought by plaintiff against said defendant for the sum of $1,000, with interest thereon at the rate of six per cent. per annum from November 1, 1921. The action was based upon defendant's statutory liability upon stock in a failed state bank.
The petition alleged, among other things, that the Bank of Commerce of Okmulgee, Okla., was adjudged insolvent on the first day of November, 1921, by order of the Bank Commissioner, and that the defendant was the owner and holder of ten shares of the capital stock of said bank of the par value of $100 per share. Petition further alleged that, after the failure of said bank, the Bank Commissioner made his examination and investigation and determined that the entire stockholders' liability would be necessary to pay the depositors. That demand was thereupon made upon all stockholders, including the defendant, for the payment of said stockholders' liability in full in an amount equal to the total par value of said stock, with interest. A copy of the order of the Bank Commissioner of November 1, 1921, determining and adjudging that said Bank of Commerce was insolvent, was attached to the petition. Thereafter the defendant answered. Cause came on for trial, and the court entered judgment for the principal sum of $1,000 without interest. Plaintiff brings the cause here for review.
Defendant admits that he would be liable for interest on and after date of judgment. Plaintiff in error, plaintiff below, contends that the stockholders' liability was fixed and determined by order of the Bank Commissioner on November 1, 1921, and the amount then so determined by the Bank Commissioner as due should bear interest at the rate of 6 per cent. per annum. This is the only question here for review: Did the court err in refusing to enter judgment for interest from the date of the order of the Bank Commissioner calling upon stockholders for the payment of said stockholders' liability in full? *Page 267 
Section 4165, C. O. S. 1921, gives the Bank Commissioner authority to take charge of any bank and trust company organized or existing under the laws of this state, and to proceed to wind up its affairs and enforce the personal liability of stockholders, officers, and directors.
This court, in the case of Thompson v. State ex rel. Bank Commissioner, 119 Okla. 166, 248 P. 1110, in the second and third paragraphs of the syllabus, said:
"2. Under said section 4165, supra, the Bank Commissioner is clothed with power finally to determine the necessity for making assessment on stock of insolvent bank and to determine the amount of such assessment, without any judicial inquiry into the matter.
"3. Under said statute, when the Commissioner determines that a state bank is insolvent, and that such superadded liability of a stockholder is necessary to pay creditors, his order accordingly to such effect is conclusive upon, and cannot be controverted by, a stockholder sued on his double liability to creditors."
Section 4165, supra, as construed by this court, gives the Bank Commissioner authority to make this assessment and definitely fix the amount and liability of the stockholders.
In the case at bar this liability was definitely assessed and fixed November 1, 1921; the amount due, or damages, being made certain.
Section 5972, C. O. S. 1921, provides:
"Interest upon Damages. Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt."
This section of the statute has been construed and applied in Citizens Bank of Headrick v. Singer, 109 Okla. 27,234 P. 708, which holds that any person who is entitled to recover damages certain or capable of being made certain by calculation and the right to recover which is invested in him on a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law or by the act of creditor from paying the debt.
The liability of the defendant and the amount due plaintiff was fixed and certain on the 1st day of November, 1921, and under this holding, plaintiff would be entitled to interest thereon.
The Supreme Court of the United States in Casey v. Galli,94 U.S. 677, said:
"The sum to be paid being liquidated and due, and payable when the Comptroller's order was made, it follows that the amount bears interest from the date of the order. Otherwise there would be no motive to pay promptly and no equality between those who should pay then and those who should pay at the end of a protracted litigation."
The trial court erred in refusing to enter judgment for interest; this cause is therefore reversed, with directions to the trial court to enter judgment for interest at the rate of six per cent. per annum from November 1, 1921, until paid.
LESTER, PHELPS, RILEY, and HEFNER, JJ., concur.