MITCHELL ET AL., RESPONDENTS, *v.* BANKING CORPORA-
TION OF MONTANA ET AL., DEFENDANTS; PAUL ET AL.,
EXECUTORS, APPELLANTS.

(No. 7,015.)

(Submitted March 14, 1933. Decided April 21, 1933.)

[22 Pac. (2d) 175.]

*Mr. W. J. Paul* and *Mr. Edward Horsky,* for Appellants, submitted a brief and argued the cause orally.

*Mr. C. E. Pew,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action was commenced on February 27, 1925, on behalf of plaintiffs and all other creditors of the Banking Corporation of Montana, insolvent and in the hands of a receiver, to enforce the stockholders' liability. All stockholders were joined as defendants. Among the original defendants was John W. Blair. He filed a demurrer to the complaint on July 31, 1925. On September 23, 1926, Blair died. Thereafter his will was admitted to probate and W. J. Paul, E. Mittelstaedt and Thomas Geary were appointed and qualified as executors.

Thereafter the death of John W. Blair was suggested to the court (but just when, the record does not disclose), and the executors were substituted as parties defendant in the place of John W. Blair. On July 19, 1929, the executors filed their answer. The answer alleges as an affirmative defense the death of John W. Blair, the appointment and qualification of the executors, the due publication of notice to creditors requiring claims against the estate to be presented within

ten months after October 28, 1926, and the failure of plaintiffs to present the claim sued upon, or any claim, to the executors. These allegations were admitted by the reply and were found by the court to be true, but notwithstanding the court entered judgment for the plaintiffs and against the executors for the sum of $5,000, the amount demanded, together with interest at eight per cent. per annum from the date of filing the complaint. Defendants have appealed from the judgment.

The first question presented by the appeal of the executors is whether the failure to present the claim to them for approval or rejection bars action thereon. Our statutes relating to the question of presenting claims provide in part:

"All claims arising upon contracts, whether the same be due, not due, or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever." (Sec. 10173, Rev. Codes 1921.)

"No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator, except in the following case [not material here]." (Sec. 10180, Id.)

"If an action is pending against the decedent at the time of his death, the plaintiff must in like manner present his claim to the executor or administrator for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action, unless proof be made of the presentations required." (Sec. 10183, Id.)

The bank closed its doors on May 2, 1923. The liability of the stockholders arose by reason of section 6036, Revised Codes 1921, as amended by Chapter 9, Laws of 1923, which provides: "The stockholders of every bank shall be severally and individually liable, equally and ratably, and not one for the other, for all contracts, debts, and engagements of such corporation, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. No person holding stock as executor, administrator, guardian, or trustee, and no person holding such stock

as a pledge or collateral security, shall be personally subject to any liability as stockholder in such corporation; but the person pledging such stock shall be considered as holding the same, and shall be liable as a stockholder accordingly, and the estate and funds in the hands of such executor, administrator, guardian, or trustee, shall be liable in like manner and to the same extent as the testator, intestate, ward, or the person interested in such trust fund would have been liable if he had been living or competent to act and hold the stock in his own name.''

The authorities are not in accord on the question of the necessity of presenting such a claim to the executor or administrator. If the claim does not arise until after the time has expired for presenting claims, none need be presented. (*Zimmerman* v. *Carpenter*, (C. C.) 84 Fed. 747; *Ebert* v. *Whitney*, 170 Minn. 102, 212 N. W. 29, 51 A. L. R. 771; *In re Macdonald's Estate*, 29 Wash. 422, 69 Pac. 1111; *Farmers' State Bank of Kingman* v. *Callahan*, 123 Kan. 638, 256 Pac. 961.)

And if the claim does not arise until after the death of the stockholder, no claim need be presented to the executor or administrator. (*Tierney* v. *Shakespeare*, 34 N. M. 501, 284 Pac. 1019; *Hirning* v. *Kurle*, 54 S. D. 334, 223 N. W. 212; *Drain* v. *Stough*, (C. C. A.) 61 Fed. (2d) 668; *Baird* v. *McMillan*, 53 N. D. 257, 205 N. W. 682, 41 A. L. R. 177; *Miller* v. *Katz*, 10 Cal. App. 576, 102 Pac. 946.)

When the claim accrues against the decedent during his lifetime, the authorities are in conflict regarding the necessity of presenting the claim to the executor or administrator. The following, and perhaps other cases, hold that the claim under such circumstances must be presented: *Mann* v. *Kleisdorff*, (C. C. A.) 16 Fed. (2d) 997; *Board of Bank Examiners* v. *Grenada Bank*, 135 Miss. 242, 99 So. 903; *Sanders* v. *Merchants' State Bank of Centralia*, 349 Ill. 547, 182 N. E. 897; *Barto* v. *Stewart*, 21 Wash. 605, 59 Pac. 480. The following case holds that such a claim need not be presented under any circumstances: *Wanz* v. *Park Hotel Co.*, 1 Ohio C. C. 105.

But whatever the rule may be in other jurisdictions, the question is settled in this state by the case of *Springhorn* v. *Dirks,* 72 Mont. 121, 231 Pac. 912, 913. In that case this court, following the case of *Zimmerman* v. *Carpenter,* (C. C.) 84 Fed. 747, held that the presentation of a claim to the executor or administrator was unnecessary. The opinion in that case does not set out the facts as clearly as it might have. But we see from the opinion that the bank "failed to open for business, on December 3, 1921. * * * All the defendants, except those appearing as administrators, were on that date stockholders." On June 7, 1923, the court levied the assessment. Reference to the transcript in the *Springhorn Case* discloses that Hagenson died on June 17, 1922. The complaint which was filed on July 26, 1923, named the administrator as a defendant. Notice to creditors was first published on August 19, 1922, requiring claims to be presented in ten months (or before June 19, 1923). This was twelve days after the assessment was made. Hence the court pointed out in the opinion that although no claim was presented "there had been time within which it might have been." Hagenson was a stockholder and living at the time the bank closed its doors. It was at that time when the claim of the creditors accrued. (*Mitchell* v. *Banking Corporation of Montana,* 83 Mont. 581, 273 Pac. 1055.) Hence the claim involved in that case accrued during the lifetime of Hagenson and makes the case one on all-fours with this one, with the exception that here the action was commenced against Blair, the stockholder, before his death. But this fact does not distinguish the two cases, for section 10183, which requires the presentation of a claim to the executor or administrator if an action is pending against decedent, applies only to such claims as would require presentation if no action had been commenced against the decedent during his lifetime. (*Millar* v. *Millar,* 51 Cal. App. 718, 197 Pac. 811; *Hibernia etc. Society* v. *Wackenreuder,* 99 Cal. 503, 34 Pac. 219; *Thompson* v. *Byers,* 116 Cal. App. 214, 2 Pac. (2d) 496.)

The *Springhorn Case* was decided in December, 1924. Since then we have had five sessions of the legislative assembly, and that body has not seen fit to make any change in the law with respect to the matter of presenting such claims. That case is determinative of this question in favor of plaintiffs. The holding in the *Springhorn Case* we think is correct.

In the absence of some special legislation on the subject, the plaintiffs' claims for the amounts of their several deposits in the defunct Banking Corporation would fall within the provision of section 10173, that "all claims arising upon contracts * * * due, not due, or contingent, must be presented." Whether "due, not due, or contingent" would depend upon the condition of the debtor bank at the time of the death of a stockholder. It could readily be seen, at the time the statute imposing the double liability was enacted, that, owing to the peculiar nature of the contract which the stockholders were forced to assume, the requirement of the general law governing estate matters would lead to embarrassing and impossible situations. For example: The claim of the creditors does not become fixed until the bank fails and is therefore said to be then "created," within the meaning of the statute of limitations (*Mitchell* v. *Banking Corporation,* supra, yet, while a bank is a solvent going concern, the liability is "contingent," for it is "dependent upon something that may or may not occur" (Webster's Dictionary), the future insolvency of the bank. Each depositor is a creditor of the bank (*In re Williams' Estate,* 55 Mont. 63, 173 Pac. 790, 1 A. L. R. 1639), and consequently has a contingent claim, arising on contract, against each stockholder in the bank. Suppose, then, a stockholder died while the bank is solvent and operating on a large scale, with no hint of disaster; must each of its thousands of depositors file his "contingent" claim against the estate of the deceased stockholder, and must each of these claims be allowed by the executor or administrator and the court, or must the estate suffer a thousand suits, or a creditors' action, against the estate, to establish the multitude of claims?

On the other hand, if the bank continues open during the period for the presentation of claims, and no claim is presented by each of the thousand creditors and thereafter the bank closes its doors, the liability having attached, is it possible that a claim should be presented even though the time therefor has expired? Is the estate to be freed from liability and either the remaining stockholders be saddled with the additional burden, or the creditors lose a part of their remedy?

Opinions that such claims must be presented or they are lost are undoubtedly correct under the general law; had the legislature intended that the general law should control, it needed only to remain silent. However, the legislature in its wisdom, realizing that such a situation as above, and many others, might arise unless the law was changed, wrote into the liability statute the provision found in Chapter 9, Laws of 1923, that on the death of a stockholder, the estate funds shall be liable, exactly as though the stockholder were living. That chapter makes the funds and estate in the hands of the executor or administrator liable "in like manner and to the same extent as the testator, intestate, ward, or the person interested in such trust fund would have been liable if he had been living."

The "manner" of doing a thing has reference to the method of procedure. (*Melsheimer* v. *McKnight*, 92 Miss. 386, 46 So. 827; *Bankers' Life Ins. Co.* v. *Robbins*, 59 Neb. 170, 80 N. W. 484; *Livesley* v. *Litchfield*, 47 Or. 248, 83 Pac. 142, 114 Am. St. Rep. 920.) It means something different than the word "extent." (*Adams* v. *Terrell*, 101 Tex. 331, 107 S. W. 537.) And so when the statute says "in like manner and to the same exent," the word "manner" has relation to the procedure in effecting enforcement of the liability.

It is significant that the statute does not state that the estate shall be liable in the same manner as for other claims against the estate. Nor does it state that the estate shall be liable in the same manner as for other claims against a dead person, but expressly states that the liability shall be in the same manner as if the testator were living. This wording of the statute was commented upon in the case of *Zimmerman* v.

*Carpenter,* supra, which formed the basis of the holding in the *Springhorn Case.* The effect of Chapter 9 is to make the action against the representative of the estate in the nature of an action *in rem.* The practical difficulty of presenting a claim and the impossibility of the executor acting on it intelligently in some cases is sufficient reason for the legislature dispensing with the necessity of presenting it. To know the amount of the claim against the stockholder would involve a knowledge of the entire liabilities of the bank and its entire available assets. In many cases the executor could not safely pass upon these questions were a claim presented, and hence its presentation would be an idle ceremony.

The failure to present the claim against the executors did not bar the right of plaintiffs to proceed against them.

Appellants assign error on the part of the court in awarding interest from the commencement of this action on the stockholders' liability. From the record it appears that on July 26, 1923, the district court made an order directing the receiver to collect the stockholders' liability to the extent of the stock of each stockholder at the par value thereof, in addition to the amount invested in the shares. From this order there was no appeal taken and hence it became final. (*Springhorn* v. *Dirks,* supra; *Skarie* v. *Marron,* 78 Mont. 295, 253 Pac. 895.) It fixed the amount of the liability of each stockholder at the par value of the stock.

Acting pursuant to this order, the receiver addressed a written demand to each stockholder wherein he recited that:

"There is due to creditors of the Banking Corporation, debts and engagements of said corporation in an amount much in excess of the stock of each stockholder therein at a par value thereof in addition to the amount invested in such shares.

"There is a question whether I should collect the capital stock liability of $500,000 or capital stock liability of $250,000, and I asked the court's direction on this question. The court has ordered the collection of the full capital stock liability.

"There can be no question about the right to collect the capital stock liability of $250,000 and that is the amount and

the basis of this demand. You should pay this promptly and accept my receipt on account for payment of the same. I will then bring a test suit to determine whether the additional liability of $250,000, based on the capital stock of $500,000 should be collected. If you pay promptly the demand for your proportionate liability on the basis of $250,000 capital, no further demand will be made until the court has decided the question of liability on the basis of $500,000."

No test suit was ever brought by the receiver so far as the record discloses.

The court found in this action "that plaintiffs prior to instituting this action made demand upon Claude C. Gray, as receiver, that he join herein as one of the plaintiffs, he having been authorized by the above order of July 26, 1923; that he refused to join herein and his consent could not be obtained by plaintiffs and for that reason and by leave of court first had he was joined as a defendant herein."

The record discloses that Blair, pursuant to the call made upon him, paid $5,000 on his liability, which was the amount due on the assumption that the total capital stock was the sum of $250,000, rather than $500,000.

The general rule with respect to interest is that "where stockholders refuse to pay a demand and cause a creditor delay in enforcing his claim, it seems that interest should be included in the stockholders' liability." (6 Thompson on Corporations, sec. 4860, and cases there cited.) Other cases to the same effect are: *Adams* v. *Johnson,* 107 U. S. 251, 2 Sup. Ct. 246, 27 L. Ed. 386; *Pyles* v. *Carney,* 85 W. Va. 159, 101 S. E. 174; *Gund* v. *Ballard,* 80 Neb. 385, 114 N. W. 420; *Handy* v. *Draper,* 89 N. Y. 334; *Maxwell* v. *Thompson,* 195 App. Div. 616, 186 N. Y. Supp. 208; *Boak* v. *Robie,* (C. C. A.) 16 Fed. (2d) 33; *Weatherwax* v. *Johnson,* 161 Wash. 80, 296 Pac. 182; *State ex rel. Shull* v. *Hamblin,* 132 Okl. 266, 270 Pac. 327; *Wheatley* v. *Glover,* 125 Ga. 710, 54 S. E. 626.

The supreme court of the United States, in *Casey* v. *Galli,* 94 U. S. 673, 677, 24 L. Ed. 168, in speaking of this, said: "The sum * * * being liquidated and due and payable when

the comptroller's order was made, it follows that the amount bears interest from the date of the order. Otherwise there would be no motive to pay promptly, and no equality between those who should pay then and those who should pay at the end of a protracted litigation.''

Counsel for appellants contend that if interest is allowable, there is the limitation that the whole amount of the stockholder's liability cannot exceed the liability fixed by the statute. There is some authority in support of this view, but the decided weight of authority is otherwise. In 6 Thompson on Corporations, section 4860, it is said: ''The stockholder is liable for interest from the time of the commencement of the suit to enforce such liability, though the interest may increase his liability beyond the amount fixed by law.'' Cases supporting this statement are the following: *Millisack* v. *Moore,* 76 Mo. App. 528; *Mason* v. *Alexander,* 44 Ohio St. 318, 7 N. E. 435; *Burr* v. *Wilcox,* 22 N. Y. 551; *Fischer* v. *Chisholm,* 159 S. C. 395, 157 S. E. 139.

Appellants rely upon the case of *Richmond* v. *Irons,* 121 U. S. 27, 7 Sup. Ct. 788, 805, 30 L. Ed. 876. But that case does not support their contention. The court there said: ''Three other questions raised upon the record remain to be disposed of. The first is whether interest upon the debts of the bank should be allowed as against the stockholders from the date of the suspension. As the liability of the shareholder is for the contracts, debts, and engagements of the bank, we see no reason to deny to the creditor, as against the shareholder, the same right to recover interest which, according to the nature of the contract or debt, would exist as against the bank itself; of course, not in excess of the maximum liability as fixed by the statute. * * * The act of going into liquidation dispenses with the necessity of any demand on the part of the creditors; and it follows that interest should be computed upon the amounts then due as against the shareholders to the time of payment.''

The effect of the holding in the *Irons Case* is that interest on the original debt of the bank may be taken into account in

fixing the extent of the liability of the stockholders, subject to the limitation that it may not bring the liability in excess of that fixed by statute. But when that liability is fixed within the limits of the statute, it draws interest the same as any other demand until paid, even though the interest on the demand, added to the principal, exceeds the amount of the statutory liability. The interest comes in the nature of a penalty for delay in the prompt payment of the statutory liability on demand. Nor is it of any importance that there was an undetermined controversy as to whether the attempted reduction of the capital stock was valid. When demand was made for the payment of the liability, based upon the full capital stock of $500,000, plaintiff's right thereto became fixed. The stockholders had the right, of course, to embark upon litigation to determine the validity of the attempted reduction. But they did so at their peril, so far as plaintiff's right to interest was concerned.

The amount of the liability was fixed by the court by its order of July 26, 1923. The institution of this action was a sufficient demand for its payment. (*Hefferlin* v. *Karlman*, 29 Mont. 139, 74 Pac. 201.) The right of plaintiffs to interest on the claim follows, the same as on any other demand due at a particular time, as provided in section 8662, Revised Codes 1921. The court properly allowed interest from the time of the commencement of the action.

Complaint is made of the form of the judgment. Appellants contend that it should be modified so as to make the amount due payable in due course of administration of the estate. In view of Chapter 9, Laws of 1923, we think the form of the judgment is not objectionable.

The judgment is accordingly affirmed.

ASSOCIATE JUSTICES MATTHEWS and ANDERSON concur.

MR. JUSTICE STEWART, being disqualified, did not hear the argument and takes no part in the foregoing decision.

MR. CHIEF JUSTICE CALLAWAY, Dissenting in Part and Concurring in Part:

The liability of the stockholders of the Banking Corporation attached upon the failure of the bank on May 2, 1923. (*Mitchell* v. *Banking Corporation*, 83 Mont. 581, 273 Pac. 1055.)

Plaintiffs began their action against the stockholders on February 27, 1925, and Blair appeared by demurrer on July 31, 1925. He died in September, 1926. His executors duly published notice to creditors, but the plaintiffs did not present any claim to them within the ten months' period required by the statute, nor at all. The executors were made parties defendant in his stead, but that does not suffice if it were necessary to present the claim which is the subject of the cause of action against the decedent.

Section 10183, Revised Codes 1921, provides that "if an action is pending against the decedent at the time of his death, the plaintiff must in like manner present his claim to the executor or administrator for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action, unless proof be made of the presentations required."

Granting that only such claims need be presented pursuant to section 10183 as fall within the provisions of section 10173, is the claim here such that if Blair had died prior to the commencement of suit, it would have been necessary to present it to the executors?

The double liability of a bank stockholder under the terms of section 6036, Revised Codes 1921 (as amended), sounds in contract. (*Barth* v. *Pock*, 51 Mont. 418, 155 Pac. 282.) "All claims arising upon contracts, whether the same be due, not due, or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever." (Sec. 10173.)

The purpose of these statutes is clear. The requirement of the law is that all claims upon contract shall be presented to

the personal representative of the decedent in the manner prescribed by statute, supported by the oath of the claimant and the necessary vouchers or proofs (sec. 10174), in order that the personal representative may pass upon their validity intelligently, to enable him to "allow them if legal, and reject them if in law they should be rejected," as well as "to justify his acts, in some measure at least, in accounting with the probate court" having jurisdiction of the estate. (*Flynn* v. *Driscoll*, 38 Idaho, 545, 223 Pac. 524, 527, 34 A. L. R. 352.)

If the personal representative approves the claim and his action receives the approval of the district judge, it then becomes an acknowledged debt of the estate, to be paid in due course of administration. (Secs. 10176, 10177.) Thus it will be paid without further expense to the estate. Why should an estate be put to the expense attendant upon a lawsuit if the same end can be reached by the mere presentation of a claim to the personal representative?

In *Vanderpool* v. *Vanderpool*, 48 Mont. 448, 138 Pac. 772, 774, this court said: "These statutes of nonclaim are special in character; they supersede the general statutes of limitations, and compliance with their requirements is essential to the foundation of any right of action against an estate upon a cause of action which sounds in contract. * * * Compliance with these provisions involves no difficulty, and a court cannot say that anything less than substantial compliance upon the part of the claimant meets the requirements." (*Burnett* v. *Neraal*, 67 Mont. 189, 214 Pac. 955; *State ex rel. Paramount Publix Corp.* v. *District Court*, 90 Mont. 281, 1 Pac. (2d) 335.)

"To the end that estates may be promptly settled, it is the common, if not the universal, policy of the several states to bar by legislation claims against the estates of the dead within a less period of time than is required for the assertion of claims against persons who are living." (*Mann* v. *Kleisdorff*, (C. C. A.) 16 Fed. (2d) 997.) By the overwhelming weight of authority it is necessary for one who seeks to enforce the

liability of a deceased stockholder to present the claim to the executor or administrator of the decedent's estate. (*Flynn* v. *Driscoll*, 38 Idaho, 545, 223 Pac. 524, and note 34 A. L. R. 362 et seq.; *Davidson* v. *Rankin*, 34 Cal. 503, 13 Morr. Min. Rep. 472; *Geary St., P. & O. R. Co.* v. *Bradbury Estate Co.*, 179 Cal. 46, 175 Pac. 457; *Barto* v. *Stewart*, 21 Wash. 605, 69 Pac. 480; *First National Bank of Denver* v. *Hotchkiss*, 49 Colo. 593, 114 Pac. 310; *Board of Bank Examiners* v. *Grenada Bank*, 135 Miss. 242, 99 So. 903; *Garesche* v. *Lewis*, 93 Mo. 197, 6 S. W. 54; *Ebert* v. *Whitney*, 170 Minn. 102, 212 N. W. 29, 51 A. L. R. 771.)

It is obvious that the nonclaim statutes do not apply if the claim does not arise until after the time has expired for the presentation of claims. (*Nathan* v. *Freeman*, 70 Mont. 259, 225 Pac. 1015, 41 A. L. R. 138, and note.) And it is held that if the claim does not arise until after the death of the stockholder the claim need not be presented to the executor or administrator. (*Miller* v. *Katz*, 10 Cal. App. 576, 102 Pac. 946; *Drain* v. *Stough*, (C. C. A.) 61 Fed. (2d) 668, 669.) This is on the theory "that a statute, requiring the presentation of claims against a decedent, does not apply to claims against his estate arising in the course of administration, that is, to claims against the funds in the hands of the executor or administrator." (*Drain* v. *Stough*, supra.) Omitting any comment on the soundness of this distinction, the liability of Blair attached before his death and clearly it was a liability of his estate. The suit was pending against him when he died. Unless we disregard the statutes of nonclaim altogether, it was necessary for plaintiffs in order to maintain their suit to comply with the provisions of section 10183.

The state unquestionably has the right to make a difference in the time within which claims will be barred if not presented on the one hand to an executor, and on the other to a living person. This is the view of the circuit court of appeals of the fifth circuit, in which it is said that the provision in section 5152, Revised Statutes of the United States (12 U. S. C. A.,

sec. 66), to the effect that funds in the hands of the legal representative of a deceased person shall be liable in like manner and to the same extent as the deceased person would be if living, does not have the effect of depriving a state of such power. (*Mann* v. *Kleisdorff*, supra.)

Practical difficulties stand in the way if the statutes of non-claim are disregarded. The personal representative of a deceased person is charged with the duty of collecting the assets of his estate, of ascertaining and paying in due course the decedent's debts, and distributing the residue to his heirs, all with convenient speed. If all claims against the estate of a decedent are presented within the time limited by statute, the personal representative is in a position upon the order of the court to pay creditors' claims in full or pro rata, within some definite period and with a high degree of certainty. Any other course necessarily will lead to uncertainty and confusion. I am not unmindful that this may result from the presentation of a claim after the expiration of the period within which claims may be presented, for which provision is made in section 10173, Revised Codes 1921, and with respect to claims which arise after the period has elapsed; but those are situations which will present their own difficulties, are not presented here, and cannot properly be considered in this case.

The majority opinion, following the decision in *Springhorn* v. *Dirks*, 72 Mont. 121, 231 Pac. 912, in effect declares the law in this state to be that a claim based upon the liability of a bank stockholder need not be presented to the personal representative of a decedent in any case. To the extent that the *Springhorn Case* announces that doctrine it should be overruled, for it is contrary to the express command of section 10173, supra, as well as contrary to the great weight of authority. In that case this court fell into error by following *Zimmerman* v. *Carpenter*, (C. C.) 84 Fed. 747, a decision by a federal district court. The liability of the stockholder in the *Zimmerman Case* attached long after the period for the presentation of claims against the stockholder's estate had

expired. But the judge did not decide the case upon the settled rule that in such a situation the claim need not be presented to the personal representative, but upon the theory that under the provisions of section 5152, U. S. Revised Statutes (12 U. S. C. A., sec. 66), the claim need not be presented in any event. On the facts a construction of that section was unnecessary to the decision. The result in the *Zimmerman Case* was right, but the unsoundness of its doctrine is pointed out in *Mann* v. *Kleisdorff*, supra, where the court refused to follow it. Yet, notwithstanding the wide dissimilarity between the facts of the two cases, this court in the *Springhorn Case* followed the erroneous doctrine of the *Zimmerman Case*, and now we are to follow it again. Surely, we are not by tacit recognition of the principle of stare decisis to repeat error even to disregarding the plain command of an applicable statute! (Compare *Continental Oil Co.* v. *Bell*, ante, p. 123, 21 Pac. (2d) 65.)

It does not seem to me there is any conflict between section 6036, as amended by Chapter 9, Laws of 1923, and the non-claim statutes we are considering. Following accepted canons of statutory construction, we should reconcile these statutes, giving effect to each, if it is possible to do so, and I see no difficulty here. Surely it is desirable in the interests of the usual and orderly administration of the estates of the dead to require that "all claims arising upon contracts, whether the same be due, not due, or contingent," be presented to the executor or administrator; and the statute so requires. It likewise requires a compliance with the statute relating to suits pending against the decedent at the time of his death.

Section 10185 reads, in part, as follows: "A judgment rendered against an executor or administrator, upon any claim for money against the estate of his testator or intestate, only establishes the claim in the same manner as if it had been allowed by the executor or administrator and a judge; and the judgment must be that the executor or administrator pay,

in due course of administration, the amount ascertained to be due.''

Whether a judgment rendered against an executor or administrator is based upon a cause of action arising before the death of the decedent, or after that event, the judgment necessarily operates against the property of the decedent's estate and must be payable in due course of administration; it cannot be paid otherwise. In the face of this explicit statutory direction, the judgment rendered against the executors in this case does not follow, and indeed is contrary to, the express mandate of the law.

I agree with the rule announced with respect to the allowance of interest.

Rehearing denied May 23, 1933.

MR. CHIEF JUSTICE CALLAWAY: For the reasons stated in my dissenting opinion, I think the motion for rehearing should be granted.